## No. 837.

EUPHRASIE PELAGIE G. TESSIER *v.* ROBERT HART LITTELL, Testamentary Executor.

Where it is evident that the basis of the action is the right to an account to be rendered by the testamentary executor, this court will, *ex proprio motu*, decide that the District Court which rendered the judgment, had no jurisdiction *ratione materiæ*. In this instance, it is the demand of parties claiming to be heirs, in a succession under administration, and it should therefore have been instituted in the parish court.

APPEAL from the Eighth Judicial District Court parish of St. Landry. *Laurent Dupré*, acting Judge. *Lewis & Bros.*, for plaintiff and appellee. *J. L. M. Moore*, for defendant and appellant.

MORGAN, J. Alfred Moore died in December, 1849.

Jonathan Harris was appointed administrator of his estate in January, 1850. He caused an inventory of the property left by the deceased to be made. The property was appraised at $580 50. It was sold under order of court, and brought $530 10. On the twenty-third of May, 1854, he filed an account of his administration, and a tableau showing the debts due by the estate, amounting to $609 67½. This tableau was published according to law; no opposition was made to it, and on the first of July, 1854, it was homologated, and the administrator was ordered to pay the creditors in conformity thereto.

Harris died in 1868. Littell is the dative testamentary executor of his will.

On the twenty-fourth of November, 1871, twenty-four years after Moore's death, seventeen years after the homologation of Harris' tableau, and four years after Harris' death, this suit was instituted.

Plaintiffs alleging themselves to be the widow and children of Alfred Moore, claim from the succession of Jonathan Harris, forty-five hundred dollars with twenty per cent. interest per annum from December, 1849. They allege that shortly before Moore's death, he sent for Harris and requested him to take charge of his affairs, and that three days after

is death, Harris came to the house and demanded of the widow the property and money belonging to the estate, and that on or about the seventh of December, 1849, which was before Harris was appointed administrator, she gave him four thousand five hundred dollars, the property of her husband's estate. They aver that Harris never inventoried nor accounted in any manner whatever for the money thus delivered to him; that he never rendered a full, fair and perfect account of his administration, and therefore, that his succession is responsible to them for the amount above set forth and the interest as claimed. They had judgment in the court below with five per cent. interest from seventh of December, 1849, subject to a credit of $400, paid in April, 1857.

We feel constrained to say, *ex proprio motu*, that the District Court which rendered this judgment was without jurisdiction, *ratione materiæ*. It is evident that the basis of this action is the right to an account. It is the demand of parties claiming to be heirs, in a succession under administration, and should have been instituted in the parish court. It is therefore ordered, adjudged and decreed that the judgment of the District Court be avoided, annulled and reversed, and that the suit be dismissed with costs.