(70 South. 40)

No. 20421.

WICHERS et al. v. WICHERS.

(Nov. 2, 1915.)

*(Syllabus by Editorial Staff.)*

1. APPEAL AND ERROR ☞171 — THEORY AT TRIAL—CHANGE ON APPEAL.

Where, in an action seeking a decree of title to real estate, plaintiffs sue as heirs of their mother, alleging her to have obtained title under a partition, they cannot, on appeal, shift their position so as to assert title in the mother by inheritance which was not divested by the partition because of illegality in the proceedings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1053–1063, 1066, 1067, 1161–1165; Dec. Dig. ☞171.]

2. DESCENT AND DISTRIBUTION ☞75—SUCCESSION—ORDER OF COURT—EFFECT.

Where, by order of court, coheirs were put in possession of real estate, their title no longer depended on the succession of their parents.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 243–251, 260–262; Dec. Dig. ☞75.]

3. PARTITION ☞109—SALE—VALIDITY—EVIDENCE—SUFFICIENCY.

Where plaintiff claimed that the partition sale under which defendant held was invalid because made under a mere order and not under a judgment, but the judgment itself was in the proper form, except that there was no recital of its having been read and signed in open court, and plaintiff failed to produce the minutes of the court in the suit, his contention must fail.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 375–397; Dec. Dig. ☞109.]

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; Prentice E. Edrington, Judge.

Action by Paul S. Wichers and others against Benedict M. Wichers. Judgment for plaintiffs, and defendant appeals. Reversed, and suit dismissed.

Robert O'Connor and J. Zach Spearing, both of New Orleans, for appellant. F. A. Middleton, of New Orleans, for appellees.

PROVOSTY, J. [1] The plaintiffs, suing as heirs of their mother, allege that she acquired certain real estate, which they describe, at a certain partition sale made to effect a partition between their mother and her coheirs, but that, for convenience, the title to the property was put in the name of their father. They allege, further, that although the said real estate was the separate property of their mother, their father, at the death of their mother, obtained an ex parte judgment, recognizing him as owner of one-half of said property as survivor in community. They pray that said judgment be annulled, and that they be decreed to be the sole owners of the said property.

Defendant, their father, avers that the property was bought for himself, not for his wife, and pleads, in addition, certain estoppels.

The facts are that the partition sale took place in 1898, and was for cash; that the adjudication was to one Matthews, who, about one month later, paid the price, $1,350, and received title; that, so far as appears, each of the co-owners, including the mother of plaintiffs, received his, or her, share of this price; that Matthews, one day after receiving title, made a sale of the property to defendant at the same

price, part cash and part credit; that for this credit part, which was $938, defendant made his note; that this note is still outstanding; and that defendant has been paying .8 per cent. per annum interest on it ever since. There is nothing to show that the wife paid any part of the price to Matthews, or that her funds were used for that purpose, except the suggestion that the amount coming to her from the partition sale was probably so used, a suggestion which is combated by the positive testimony of defendant to the contrary.

Realizing, doubtless, the weakness of his case as propounded in the pleadings, the learned counsel for plaintiff has sought in this court to shift the grounds of the suit, by contending that the mother of the plaintiffs acquired the property, not at the said partition sale, but by inheritance from her parents, and by the last will of her mother, and that the ownership so acquired by her was not divested by the said partition sale, because said sale was null and void, for the reasons that the petition asking for said partition was filed by two married women (the mother of plaintiffs and her sister) without the authorization of their husbands, that the sale was made by virtue of a simple order of court, not by virtue of a judgment; that Matthews was merely a person interposed for defendant who was the real purchaser, and that defendant was incapable of purchasing, because forbidden by law from doing so, he being the testamentary executor of the successions of the parents of plaintiffs' mother, upon which successions the property depended.

[2, 3] In the first place, the plaintiffs cannot be allowed to shift their position in this manner to an inconsistent one. In the second place, the plaintiffs in the said partition suit had already been put in possession of the said property by order of court, and hence said property was no longer depending upon the succession of their parents. In the third place, nothing shows that the judgment ordering the partition sale was a mere order, and not a regular judgment. It reads word for word like a judgment, except that it contains no recital of its having been read and signed in open court. For all that appears, the minutes of the court, in the partition suit, if they had been offered in evidence, would have shown that the suit had been regularly tried and judgment regularly rendered in open court. These minutes were not offered in evidence, for the reason, doubtless, that no issue had been made in that connection in the petition of the plaintiffs; but, on the contrary, the plaintiffs, by claiming title under and by virtue of the partition proceedings, had judicially recognized and vouched for their validity.

We conclude that the plaintiffs cannot be allowed to shift to this new position, and that, even if they could, they would have no better standing in it than in their first.

The judgment appealed from is therefore set aside, and the suit of plaintiffs is dismissed, at their cost in both courts.