OVERTON, J.
Jean Duffourc died on March 19, 1907, leaving his wife, Marie B. Duffourc,' and four children, Albert Felix, Rene Charles, Arthur John, and Walter Manuel Duffourc. The succession'of the deceased was opened, and judgment was rendered therein, in 1907, recognizing Mrs. Duffourc as widow in community, and as such entitled to an undivided half interest in all the property belonging to the community of acquSts and gains that existed between her and her late husband, and to the usufruct of the re-maining undivided half interest, and recognizing the children of the deceased, above named, as his only heirs, and as such, entitled to the naked ownership of the latter half of the property. The deceased left no separate property.
Albert Felix Duffourc died in 1917, leaving two minor children, Albert and Irene Duffourc, issue of his marriage with Arnelie Dabezies. Mrs. Arnelie Duffourc, born Dabezies, died prior to the death of her husband. The Whitney-Central Trust & Savings Bank was appointed dative tutor to these minors.
Mrs. Marie Duffourc, joined by her three children, still living, instituted a partition suit against the minors, Albert and Irene Duffourc, represented by their dative tutor, for the purpose of partitioning, by licitation, two lots, with the improvements thereon, which at the time of the death of her husband belonged to the community of acquits and gains that existed between him and her. In this suit, Mrs. Duffourc surrendered her usufruct on the property to be partitioned.
The minors, Albert and Irene Duffourc, who inherited the interest of their father in the property in question, appeared through their dative tutor, and filed an answer to the suit, in which they aver that, in their opinion, the property cannot be divided in kind, and hence that it should be partitioned by licitation, but aver that they submit the method of partition to the court for determination. In due course, judgment was rendered, ordering the property sold to effect a *177 partition, and appointing a notary public to complete the partition after the sale.
The property was sold, and the parties litigant appeared before the notary appointed, when the plaintiffs herein presented to that official the following receipt, and asked that the amount therein stated be deducted from the portion due the minors, Albert and Irene Duffourc, as heirs of their father, Albert F. Duffourc, to wit:
“$1,841.41. New Orleans, August 16, 1911.
“I hereby acknowledge to have received from my mother, Mrs. Widow Jean Duffourc the sum of eighteen hundred and forty-one 41/ioo dollars in cash money paid by her to me on account of my father’s rights in his estate, Jean Duffourc.
“Said amount to be collated by me after the death of my mother on the share coming to me on my father’s estate.
“[Signed] Albert Duffourc.”
The dative tutor of the minors objected to the making of the deduction. Plaintiffs then ruled the minors, through their tutor, into court, and also the notary, to show cause why the above sum should not be collated and deducted from the amount due the minors out of the proceeds of the partition sale, as the forced- heirs and legal representatives of their deceased father, Albert F. Duffourc.
The dative tutor filed an answer to the rule, in which it is averred that, as the partition is one between co-owners, and not of a succession, no question of collation can arise or be determined in effecting it; that, if the indebtedness is due, which is denied, the contracting of it did not have the effect of transferring the ownership of the father of the minors in the property sold, but that the property descended to the minors from their father, at his death,- as his heirs; that, if collation were required in a partition between co-owners, the partition proceedings herein are illegal, because all matters relating to collation must be determined by the court in advance of the judgment of partition; that the petition for partition contains no prayer for collation; and that the claim now made, if it has any validity, is premature. The answer' also avers that plaintiff’s petition discloses no cause of action, but this exception is not urged in the briefs.
The notary also filed an answer to the rule. He avers that he prepared a projet of the partition and submitted it to' the parties at interest for -consideration and acceptance, but that the dative tutor of the minors refused to approve the same, whereupon he adjourned the meeting, at which the projet was submitted. He attaches to his answer a projet of the partition, which he submits to the court for consideration and for further directions. The projet contemplates that the minors should collate the $1,841.41 received by their father, and shown in the above receipt, and shows that, after the above amount is charged against their portion, there still remains unsettled $916.42.
The receipt states, as.we have observed, that the amount received by Albert Duffourc, the father of the minors, from his mother, was received on account of his interest in the estate of his father, and is to be collated on the share coming to him in that estate. Since the receipt, which is loosely worded, speaks of collation, in reference to the amount received, and since collation is made only in the partition of successions, it is evident that Duffourc and his mother contemplated, at the time Duffourc gave the receipt, that, on the termination, by the mother’s death, of the usufruct which she enjoyed on the property, inherited by Duffourc and his coheirs from their father, there would be a partition, and that, in the partition to be had, Duffourc should account for the money received out of the proceeds of the property inherited by him from his father.
 Learned counsel for the dative tutor of the minors, however, takes the position that, as this is a partition of property among co-owners, and not of a succession, no ques *180 tion of collation can arise, or has a place in these proceedings, and, furthermore, that collation has no place in them, since collation is due only to the succession of the donor, and that Duffourc did not receive the money from his father, Jean Duffourc, but from his mother. It is true that Duffourc did not receive the money from his father, but from his mother, and it is also true that the Civil Code provides that “collation is made only to the succession of the donor,” and that the Code, in effect, also provides that, in partitions among co-owners, as distinguished from the partition of successions, collation cannot be exacted. C. C. arts. 1242 and 1290, respectively. Granting, therefore, that this is not the partition of a succession, but that it is one among co-owners — and it has been treated as the latter by all of the parties to this suit — then from every standpoint the amount is not an amount to be collated by force of any article of the Code. Wo see no reason, however, why Albert Duffourc could not, on receiving the money from his mother, stipulate and bind himself to account for it in the partition sale contemplated. He was receiving the money, evidently, out of funds which originally came from his father’s estate, and which were in the possession of his mother as usufructuary. He could not and did not expect to be paid twice, and therefore agreed, so as to insure an accounting on an equitable basis, that the amount paid him should be “collated” — that is, accounted for, under the general rules applicable to collation — in the partition of the property inherited by him and his coheirs from their father. W'e see no objection to such an agreement.
As Albert Duffourc received during his lifetime more than would be due him were he alive, out of the proceeds of the partition sale, there is nothing due his heirs out of those proceeds. Counsel for the minors, however, contend that the receipt of the money by Duffourc from his mother did not have the effect of transferring his ownership in the property, inherited by him from his father, to his mother and coheirs; that this ownership was- transmitted at Duffoure’s death to said minors; and that a part of the property so inherited by said minors formed a part of the property sold at the sale. .This is true, but it is also true that the same deduction that the father of the minors would have been required to make, in the partition proceedings, his heirs, the minors herein, must make, by virtue of his agreement; and since their father received more than would have been due him out of the partition sale, were he alive, there is nothing due his heirs out of it.
Learned counsel for the minors also contend that, if the amount received by Albert Duffourc must be accounted for in the partition proceedings, the accounting cannot be exacted, under the terms of the receipt, until the death of Duffourc’s mother. It is true that the receipt reads:
“Said amount to bo collated by me after the death of my mother.”
Therefore, if the receipt ought to be literally construed, counsel would be correct in their contention. But, as we have observed, the receipt is loosely worded. Were it literally interpreted, the result would be that there could be no partition of the property until the mother’s death without a surrender of the right to make the proper deduction from Duffourc’s interest in the property inherited by him. As Duffourc received the money, and as his mother was in the enjoyment of the usufruct of the property inherited by him from his father, it could have been a matter of no particular moment to him when the partition should be had and the deduction made. In fact, had Duffourc been alive, he could not have defeated the partition, before or after his mother’s death, and we entertain no idea that he contemplated any such thing. The reason why, in our *181 view, it was stipulated that the accounting should be had after the death of Duffoure’s mother, was because on her death the usufruct would expire, and it was not contemplated that the heirs would demand a partition of their naked ownership, but would wait until the usufruct would be terminated by Mrs. Duffourc’s death, and, when that event would occur, that they would then have the partition. However, the same result has been brought about by the surrender of the usufruct on the property to be partitioned as would have been brought about, as to the same property, by the death of Mrs. Duffourc, and since, in our view, the only purpose in fixing the time for the accounting, as fixed! in the receipt, was because at the death of Mrs. Duffourc the usufruct on the property to be partitioned would terminate, and since the usufruct has been surrendered, we see no reason why the deduction should not be made now. Not to permit it to be made at this time would be to permit a mere technical consideration to defeat a substantial right, and to bring about, in part, that which Duffourc and his mother neither contemplated nor desired; that is, a double payment.
The dative tutor for the minors also urges, as we have seen, that, if collation were required in a partition suit among co-owners, this partition is illegal, because there ■was no demand for collation in the petition for partition, and no judgment was rendered in the partition suit, as directed by the Code, ordering the collation, before referring the matter to a notary public to complete the partition. It is sufficient to say, however, as we have already observed, that, properly speaking, the amount to be deducted is not an amount to be collated, by force of the articles of the Code relative to collation. We therefore see no objections, under the circumstances, to disposing of the question, relative to the allowance of the deduction, by rule or motion, as an incident .of the partition proceedings, which was the method of procedure adopted. Under the circumstances, it was unnecessary to demand that the deduction be made in the petition for partition.
 The dative tutor of the minors also complains that the judgment of the district court allows as a charge against the fund, derived from the partition sale, the attorney’s fees for services rendered in the partition proceedings. The judgment must be amended, in that respect, by disallowing that fee, which amounts to $300. Attorney’s fees are not chargeable against the mass, in partition proceedings, except in those instances authorized by statute. Act 69 of 1918 permits the fee for the plaintiff’s attorney to be thus taxed only when there is no contest as to the property or fund to be distributed. There is no other law authorizing such fees to be charged against the mass. In this case it is evident that there is a contest with respect to the fund to be distributed.'
For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be amended by disallowing said item of attorney’s fees, amounting to $300; that the amount to be paid each co-owner or heir be calculated with said amount stricken out; and, as thus amended, that the judgment appealed from be affirmed, the costs of appeal to be taxed against the mass.
O’NIELD, O. J., dissents,
ROGERS, J., recused.