173 So. 132

**MITCHAM et al. v. MITCHAM et al.**

**MITCHAM v. SAME.**

Nos. 33475, 33539.

March 1, 1937.

No. 33475:

No. 33539:

See, also, 184 La. 111, 165 So. 635.

Goff & Goff, of Arcadia, for appellants.

Bergeron & Rabun, of Farmerville, for appellee H. Grady Mitcham.

LAND, Justice.

This appeal consists of two cases which, by joint motion of appellants and appellees, were ordered consolidated by this court on appeal. No. 33539, Henry Grady Mitcham v. Zollie Mitcham et al., Third District Court, Parish of Union, is a suit for partition by licitation filed in that court October 2, 1934.

It is alleged in this case that petitioner and defendants, heirs of Elijah W. Mit-

cham and Sallie Mitcham, deceased, were recognized as the sole heirs of decedents on August 23, 1932, and were sent into possession of their estates by judgment of the Third district court for Union parish, in which they were decreed to be the owners of a deposit in the Bank of Bernice, Union parish, and that each of the heirs has received his pro rata share of the deposit. It is also alleged in the petition that the heirs of decedents have made a division of the proceeds of some bank stock.

In the proceeding above referred to, the heirs of Elijah W. Mitcham and Sallie Mitcham accepted the estates of their deceased father and mother "purely, simply, and unconditionally," and prayed to be recognized as heirs and to be sent into possession of the cash in the Bank of Bernice, Union Parish, and "into the possession of all other property, of whatsoever nature and kind, left by their deceased parents," and judgment was rendered accordingly. No 33539, Tr., pp. 40, 41, 43, 44.

The following allegations are also made in the petition in this case:

That, at the time of their death, decedents left real and personal property, situated in Union and Claiborne parishes, all of which belonged to the community of acquêts and gains existing between decedents prior to their death.

That Zollie Mitcham, defendant, and one of the heirs, is interested to the extent of an undivided one-seventh interest, plus an undivided one-fourteenth interest, formerly owned by Henry Grady Mitcham, another heir, and acquired by Zollie Mitcham at a trustee's sale in the cause entitled "Henry Grady Mitcham, Bankrupt, No. 3772 In Bankruptcy on the Docket of the Federal District Court for the Western District of Louisiana."

That defendant Joseph J. Mitcham (who is not an heir but a third person) is the owner of an undivided one-half interest in certain lands in Union parish, purchased by Elijah W. Mitcham with Joseph J. Mitcham from Mrs. Hettie R. Elliott and others.

That the heirs are no longer willing to hold the property in indivision and as co-owners with defendants herein, including Joseph J. Mitcham, and desire that same be partitioned by licitation according to law, as the property cannot be conveniently divided in kind.

That the property to be divided consists of a one-half interest in 440 acres of land, and the whole interest in a house and lot in the town of Bernice, *Union parish;* and 60 acres of land in one tract, and a gin lot of 9 acres, in *Claiborne parish,* and some notes and accounts due the estates of their deceased parents.

In their joint answer, the defendants aver that Zollie Mitcham, one of the defendants, has purchased the undivided one-seventh interest of Mrs. Eolian Green, another heir, in the lot and residence in the town of Bernice, Union parish.

Defendants admit that plaintiff is entitled to have the property "of the successions of Elijah W. and Sallie Mitcham" partitioned, but deny the right to have Joseph J. Mitcham a party to the suit.

Defendants also deny that the successions have been closed, as there are collations to be made by several of the heirs, and aver that the successions could not be closed under these conditions.

Defendants then set up in their answer the amount of collations due by each of the heirs, and, after praying that the property be sold as prayed for by plaintiff and the proceeds divided, defendants further pray that each of the heirs be ordered to collate the amounts alleged in the answer to be due by each.

Plaintiff filed a motion to strike out that part of the answer which deals with the subject of collations on the following grounds:

(1) That the successions of Elijah W. Mitcham and Mrs. Sallie Mitcham have been closed by the acceptance of same purely, simply, and unconditionally by all the heirs.

(2) That this is an ordinary suit for partition between co-owners and, under articles 1242 and 1290 of the Revised Civil Code, collation cannot be exacted in such a suit, any indebtedness of the heirs due to the succession of Elijah W. Mitcham being irrelevant and immaterial to any issue, which may be raised in the suit for partition.

Judgment was rendered in the lower court rejecting the demands of defendants for collation, and ordering the partition by licitation of the lands in Claiborne and Union parishes, as prayed for.

From this judgment defendants have appealed suspensively and devolutively.

1. On May 9, 1930, Mrs. Stella Thompson, Mrs. Minnie Weldon, and Mrs. Eolian Green, residents of Claiborne parish, and Mrs. Vida Goss, a resident of Ouachita parish, filed a petition in the Second district court for *Claiborne parish,* claiming by inheritance from Elijah W. Mitcham and Sallie Mitcham, their father and mother, an undivided five-seventh interest in a promissory note in the sum of $1,900, dated November 30, 1927, due December 1, 1932, and signed by J. Z. Rhea as maker, and made payable to Elijah W. Mitcham as bearer. The note at the time was in the possession of the Homer Trust & Savings Bank, and was held by the bank as collateral security for the payment of a note of $780, dated July 30, 1929, due six months after date, and signed by H. G. Mitcham, as maker, and payable to the Homer Trust & Savings Bank. No. 33475, Tr., pp. 103–106.

As the purpose of this suit was to have the note sold at public auction to effect a partition among the heirs, H. Grady Mitcham and Zollie Mitcham, the two other heirs, were made parties defendant to this suit.

On February 2, 1931, judgment was rendered by the district court for Claiborne parish, ordering the note to be sold at public auction to effect a partition among the co-heirs. No. 33475, Tr., p. 108.

■ If the district court for the parish of Claiborne was the proper forum in which to open the succession of Elijah W. Mitcham, who died in that parish, it follows necessarily that his succession was accepted in that court purely, simply, and

unconditionally by all of his heirs, by virtue of the above proceeding in the district court for Claiborne parish, praying for the partition among the coheirs of the note in question. If the district court for the parish of Union was the proper forum for the opening of the succession of Elijah W. Mitcham, then his heirs have also accepted in that court his succession, and that of his wife, who died in Union parish, purely, simply, and unconditionally.

■ It is elementary that, where the judgment in a succession recognized heirs and sent them into possession of the property, the succession ceased, and the property became common property of heirs as owners, and subsequently suit for partition did not involve the division of succession property, but was an ordinary suit between co-owners. Prichard v. McCranie, 160 La. 605, 107 So. 461, citing numerous cases.

■ 2. It is also well settled that rules relating to collations and succession partitions are expressly excepted from application to ordinary partitions which involve only property held in common, and that, under articles 1242 and 1290 of the Revised Civil Code, collation cannot be exacted in partitions among co-owners. Prichard v. McCranie, 160 La. 605, 613, 614, 107 So. 461; Duffourc v. Duffourc et al., 154 La. 174, 97 So. 391.

It has already been noticed in this opinion that Joseph J. Mitcham, a third person and not an heir, is a party defendant to this suit. It is evident that he is not concerned with the other co-owners in their claims of collation against each other.

■ As said in City of Baltimore v. City of New Orleans, 45 La.Ann. 526, 12 So. 878, quoted with approval in Prichard v. McCranie: "A claim for money by one co-owner against another, in which all the co-owners are not concerned, cannot be injected into the action for partition, not being incidental thereto, being an issue in which the plaintiff here has no concern, and not germane to the issue."

■ It is clear that Joseph J. Mitcham, defendant in this case, and a third party, is not concerned with the other co-owners as to their claims against each for collations, and that such claims are irrelevant to the issue as to whether plaintiffs are co-owners, and are unwilling to hold the property in indivision any longer, and as to its divisibility in kind vel non.

For these reasons the reconventional demands of defendants for collations were properly rejected by the lower court in its judgment.

■ 3. As Joseph J. Mitcham, a co-owner, and one of the defendants, is not an heir but a third person, it follows, as held by this court in Medicis v. Medicis, 155 La. 171, 99 So. 27, that this is an ordinary suit for partition between co-owners, and that, under article 165, paragraph 1, of the Code of Practice, and under article 1290 of the Revised Civil Code, the district court for the parish of Claiborne had jurisdiction, only as to the partition of lands in that parish, but was without jurisdiction ratione materiæ as to the partition of the lands in Union parish. Such jurisdiction could not be conferred by the defendants consenting in their answer to the partition as prayed for.

Act No. 130 of 1926, amending and re-enacting article 165 of the Code of Practice, as amended and re-enacted by Act No. 108 of 1908 and Act No. 71 of 1914, provides: "Section 1. Be it enacted by the Legislature of Louisiana, That Article 165 of the Code of Practice be amended and re-enacted so as to read as follows:

"Article 165. Exceptions to Rule of Domicile: There are other exceptions to this rule which require that the defendant be sued before the judge having jurisdiction over the place of domicile or residence; they are here enumerated:

"1. Partition of Real Property. In matters relative to the partition of real property between several co-proprietors, for in such cases the suit *must be brought* before the court of the place where such property is situated, though the co-proprietors may reside in different parishes." (Italics ours.)

Article 1290 of the Civil Code also provides that, in partitions between co-proprietors of the same thing, "the action *must be brought* before the judge of the place where the property to be divided is situated, wherever the parties interested may be domiciliated." (Italics ours.)

■ It is clear, therefore, that jurisdiction in such cases is ratione materiæ, and it is well settled that, where jurisdiction ratione materiæ is wanting, the court is constrained to say, ex proprio motu, that the district court which rendered the judgment was without jurisdiction. Tessier v. Robert Hart Littell, Testamentary Executor, 26 La.Ann. 602. The consent of the parties cannot give jurisdiction to a court,

when it is wanting ratione materiæ, but can give it only when personal rights are involved. Fleming v. Hiligsberg, 11 Rob. 77; Dupey et al. v. Greffin's Executor, 1 Mart.(N.S.) 198, 201; Kerr v. Kerr, 14 La. 177, 178.

4. In No. 33475, consolidated with No. 33539, five of the heirs of Elijah W. Mitcham and Mrs. Sallie Mitcham, deceased, filed suit on May 28, 1934, in the Second district court for the parish of Claiborne against H. Grady Mitcham and Mrs. Eolian Green, brother and sister of petitioners, for a partition by licitation of a one-half interest in land in Union parish and the whole interest in a house and lot in the town of Bernice, Union parish; and 60 acres of land in one tract, and a gin lot of 9 acres, in Claiborne parish.

Petitioners also allege in this suit that they have accepted the successions of their father and mother and have already made a partial division of the proceeds of some bank stock, and that as co-owners they desire that the property held in indivision be partitioned by licitation.

Collation is also demanded in this suit.

We have already noticed in this opinion that Zollie Mitcham, one of the heirs, acquired from Henry Grady Mitcham, bankrupt, an undivided one-fourteenth interest in the property at a trustee's sale, and from Mrs. Eolian Green, another heir, her undivided one-seventh interest in a lot and residence in the town of Bernice, Union parish.

■ In this case the heirs are all of full age, have accepted the successions of

their father and mother purely, simply, and unconditionally, and have continued to control the property as owners without any one questioning their right. Under this state of facts there is no succession, it is at an end, and the heirs are co-owners of the property in indivision. Successions of Andrew and Marie Durnford et al. v. George Urquhart et al., 24 La.Ann. 114; Prichard v. McCranie, 160 La. 605, 107 So. 461; Mahoney v. Perkins, 166 La. 730, 117 So. 810.

◼ Coheirs put in possession of real estate by order of court hold title thereunder, and not under succession of parents. Wichers v. Wichers, 138 La. 69, 70 So. 40.

◼ Co-owner's right to partition of property in common is absolute. Raceland Bank & Trust Co. v. Toups, 173 La. 742, 138 So. 652.

As already held in this opinion, collations cannot be demanded in a suit for partition between co-owners.

No. 33475 is an appeal from a final judgment rendered in the Second district court for the parish of Claiborne, sustaining a plea to the jurisdiction of that court ratione materiæ.

It is stated in this plea that decedents, from whom plaintiffs and defendants derive their interest in the property sought to be partitioned herein, by inheritance, were domiciled in the parish of Union, upon the date of their respective deaths, and that this court is therefore "without jurisdiction Ratione Materiæ."

◼ The true legal reason why the district court for Claiborne parish is without jurisdiction ratione materiæ is that the plaintiffs and defendants are co-owners suing in that court for a partition by licitation of lands situated in the parish of Union. To that extent, the district court for Claiborne parish is without jurisdiction ratione materiæ, but, without doubt, has plenary jurisdiction as to the suit for partition of lands situated in Claiborne parish, and this is equally the case in suit No. 33539, instituted in the district court for Union parish, for the partition of lands situated in that parish and in the parish of Claiborne.

So, in neither suit, is the lower court wholly without jurisdiction ratione materiæ. The judgment maintaining the plea to the jurisdiction in toto is therefore erroneous.

For the reasons assigned, it is ordered that the judgment rendered in suit No. 33475, sustaining the plea to the jurisdiction ratione materiæ of the Second district court for the parish of Claiborne, be affirmed, in so far as the partition of the lands in Union parish is concerned, and that the judgment be annulled and set aside in so far as the partition of lands in Claiborne parish is concerned, and that this case be remanded and reinstated on the docket of the Second district court for the parish of Claiborne, to be proceeded with in due course, and consistently with the views herein expressed.

It is further ordered that the judgment rendered in suit No. 33539 in the Third district court for the parish of Union, and appealed from herein, be affirmed, in so far as the demands for collation are rejected in said judgment, and in so far

as said judgment orders the partition of the lands in Union parish, and that said judgment be annulled and set aside, in so far as said judgment orders the partition of lands in the parish of Claiborne.

It is further ordered that appellees in each case pay the costs of appeal.

O'NIELL, C. J., and HIGGINS, J., absent.