**BOHNING et al. v. LAWS et al.**

**No. 2020.**

Court of Appeal of Louisiana. First Circuit.

Oct. 4, 1939.

W. S. Rownd, of Hammond, for appellant.

Ellis & Bostick, of Amite, for appellees.

DORE, Judge.

In the administration of the Succession of George W. Van Dyke, judgment was rendered on December 3, 1937, decreeing that the deceased died intestate leaving only collateral heirs, some known and some unknown. Thereafter, the administrator filed his final account proposing to pay the debts of the succession and the shares of the known heirs, the remainder of the funds to be deposited in the registry of the court until the other heirs proved their heirship. The proposed distribution of the succession assets was approved by W. S. Rownd, who, under proper appointment, represented the absent heirs as their attorney during the administration proceedings. After the required publication, the administrator's account was duly approved and homologated, and an order was entered for the distribution of the funds in accordance therewith. It was further or-

dered that the administrator deposit in the registry of the court 100 shares of Pan-American Life Insurance Company stock belonging to the succession and the surplus of funds, and, on his making such deposit, that he be discharged as administrator and his bond cancelled.

After the signing of the judgment homologating the administrator's account, as above set forth, Alvin W. Bohning, who had purchased the interest of some of the heirs, and three of the heirs, filed suit for a partition by licitation of the aforementioned shares of stock, alleging that the administration of the succession had been completed, and that the stock constituted the only remaining assets of the succession and could not be divided in kind, and that a curator ad hoc should be appointed to represent the absent heirs in the partition suit. The petition prayed for the sale of the stock, and that, after payment of the fees of plaintiffs' attorney and the curator ad hoc, to be taxed as costs, the net proceeds be distributed among the heirs.

An order was signed on January 5, 1938, appointing J. M. Blache, Jr., as curator for the absent heirs. On January 25, 1938, Blache asked to be relieved of his appointment, stating that since W. S. Rownd had been appointed as attorney for the absent heirs in the administration of the succession, he was the proper person on whom to serve citation in the partition suit. On the same day, Blache's appointment was vacated, and W. S. Rownd appeared in the suit by filing (but not serving) a petition in intervention and third opposition, alleging that he was the attorney for the absent heirs in the succession; that the shares of stock sought to be partitioned formed a part of the succession; and that a partition suit was unnecessary, but that should the court order the sale of the stock, plaintiffs' attorney should be paid out of plaintiffs' share and not out of the mass, citing Act No. 69 of 1918.

Thereafter, the court signed an order appointing Mary Purser as curator for the absentee defendants. She accepted service of this appointment, reserving all rights, but made no further appearance.

On March 25, 1938, a judgment was rendered by default in the partition suit, decreeing that plaintiffs and the absent defendants were owners in common of the said stock, and ordering its sale for the purpose of partition, and fixing fees of $10 for the curator ad hoc and $150 for plaintiffs' attorney, to be taxed as costs and paid out of the mass.

No mention was made in the judgment of the intervention of W. S. Rownd, and, on the ground that he was aggrieved by said judgment, he has obtained an order of appeal to this court. He contends that no part of the fee of the attorney for the plaintiffs can be paid out of the share coming to the absentees under the provisions of Act No. 69 of 1918, and he prays that the judgment in that respect be set aside, and that the case be remanded to be proceeded with after a regular assignment.

 When the shares of stock were deposited in the registry of the court and the administrator was discharged, the succession was closed and the heirs became owners in common of the stock, and the duties of W. S. Rownd as attorney for the absent heirs came to an end. In the partition suit which followed, and which was an entirely separate proceeding from the succession, the court had the authority to appoint Mr. Rownd or any other person to represent the absent heirs and did appoint Mary Purser for such purpose. Mitcham v. Mitcham, 186 La. 641, 173 So. 132. Whether or not the curator so appointed should have filed an answer is not before us, nor are the questions raised by W. S. Rownd, for the reason that it is clear that he was not a party in interest in the suit and consequently has no appealable interest. See Succession of King, on rehearing, 124 La. 805, 818, 50 So. 735.

The appeal is therefore dismissed.