FOURNET, Justice.
 

 The four children of Simon John Do~ browolski (deceased) by his first marriage, instituted this suit against the six surviving children of his second marriage for a. partition by licitation of two contiguous, tracts of land situated in East Baton Rouge Parish approximately fifteen miles from the city of Baton Rouge and containing in-all approximately eighty-two acres, suchi property having been acquired by Dobro-wolski during the existence of his second' marriage. There was judgment ordering-the partition of this property in kind and. the defendants are appealing.
 

 
 *1081
 
 By his first marriage to Kordula Wai-leska, who died in 1886, Dobrowolski had seven children, three of whom died in their infancy, the remaining four being the plaintiffs in this partition suit, i. e., Clara Louise Dobrowolski Rogers, Frank Stanis-laus Dobrowolski, Florence Dimple Do-browolski Roy, and Louise Angela Do-browolski. There were nine children born of his second marriage to Amanda White, who survived him, namely, Simon John Dobrowolski, Jr., Benjamin Franklin Do-browolski, Annette Dobrowolski McClain, Aurelia Dobrowolski Fisher, Arthur J. Dobrowolski, Valentine Dobrowolski Floyd, Herbert Dobrowolski, Lowell Do-browolski, and Mildred Dobrowolski Moody. Following the death of Simon John Dobrowolski intestate in 1909, his succession was opened and his thirteen surviving children, who were recognized as his sole heirs, were placed ■ in possession of his undivided half of the immovable property owned by the community, including the property here sought to be partitioned. His surviving widow, who was the owner of the other half of the property, died in 1939, leaving as her surviving heirs her nine children, but her succession has never been opened. Lowell and Benjamin followed their mother in death in 1942, the former, whose succession has never been opened, died intestate and without issue but leaving as his sole heirs his brothers and sisters and his half brothers and sisters; while the latter, whose succession is now in the course of administration, left a surviving widow who is contesting the right of his surviving brothers- and sisters and half brothers and sisters to-be recognized as his sole heirs. Simon John Dobrowolski, Jr., who had been appointed administrator- of the succession of his brother Ben, died himself in 1948, leaving a will wherein he named as his sole heirs his surviving brothers and sisters, and they have been recognized as such by judgment of court. -Consequently, at the time this partition suit was instituted, the parties made defendant were the surviving children of the second marriage, Mrs. McClain, Mrs. Fisher, Mrs. Floyd, Mrs. Moody, Herbert Dobrowolski, and Arthur J. Dobrowolski. The latter was not only cited individually, but also as the administrator of the succession of Ben, his deceased brother.
 

 The defendants first filed a plea to the jurisdiction of the court rationae materiae, the basis therefor not being set out in the plea, but this was abandoned when it was overruled by consent of counsel. The defendants then excepted to the plaintiffs’ petition on the ground that it disclosed neither a cause nor a right of action because four of the co-owners who had originally been placed in possession of this property by judgment of court have since died and the succession of only one of them has been closed, that of Ben F. Dobrowolski now being under administration and involved in a litigation with his surviving widow who- is claiming the amount in excess of the inventoried value of its assets,
 
 *1083
 
 while those of the two remaining deceased co-owners, Amanda White and Lowell Do-browolski, have never been formally opened.
 

 On the other hand, the plaintiffs contend there is no merit to this claim since the basis of the action for partition is not possession, but ownership, and, therefore, since all of the co-owners are parties to the suit, it is not necessary that they be placed in possession of their respective interests before a partition suit is instituted, particularly since the administrator of the succession of Benjamin Dobrowolski neither offered evidence to show it was necessary to obtain the interest that would fall to Benjamin in order to pay the debts of his succession nor prayed that such interest be set aside for that purpose.
 

 We are of the opinion that the plaintiffs, co-owners in indivision with the defendants of the property here sought to be partitioned and unwilling to continue such ownership in indivision, have an absolute right to have this property partitioned, Raceland Bank & Trust Co. v. Toups, 173 La. 742, 138 So. 652; Mitcham v. Mitcham, 186 La. 641, 173 So. 132; and Fabacher v. Fabacher, 214 La. 940, 39 So. 2d 426, and the fact that the successions of some of the deceased co-owners have not as yet been administered is immaterial •as their heirs have all been made parties to the proceedings. Johnston v. Burton, 202 La. 152, 11 So.2d 513. The matter of their right to have the interest of these deceased co-owners in the property, relegated to their respective successions is one that is to be determined from the pleadings and the evidence in support thereof.
 

 While the defendants in their answer did not specifically pray that the interests of these deceased co-owners be relegated to their respective successions, they did allege in their exceptions of no cause and no right of action their unwillingness to accept the succession of Benjamin Dobrowolski in its present condition and we find they introduced in evidence the inventory of the assets of his succession, the opposition of his surviving widow wherein she claims to be his forced heir and asserts her right to an amount in excess of these inventoried assets, as well as the answer of the then administrator to this opposition. In fact, this matter is now pending determination in this court on appeal. We think, therefore, the trial judge erred in ordering the partition not to make provision in his judgment for the relegation of the interest of Benjamin Dobrowolski to his succession, in order that it may be there distributed as one of his assets.
 

 No evidence was introduced to prove the successions . of Amanda White and Lowell Dobrowolski owe any debts. Their estates do not, therefore, have to be administered. And since under our doctrine of le mort saisit le vif the heirs become the owners of their interest in the property of the decedent at the moment of death, there is no necessity for opening these sue-
 
 *1085
 
 cessions in order that they may be placed in possession. The heirs to these two successions are all parties to this suit and there is no necessity, therefore, that the judgment appealed from be amended to provide for the relegation of the interest of these two deceased co-owners to their respective successions.
 

 The contention ttrged in argument here, i. e., that the heirs of the deceased co-owners are without right to take possession of their interest in this property until the inheritance taxes due have been adjudicated and paid, was neither pleaded below nor passed on there. It does not, therefore, present an issue for our consideration on this appeal.
 

 Since this case was argued here and this opinion was written, Mrs. Florence Dobrowolski Roy, alleging that one of the plaintiffs in this cause, Louise Angela Dobrowolski, has died and her succession must be administered because of the debts due, has moved that she be made a party to this suit as the legal representative of the deceased, and it has been so ordered.
 

 For the reasons assigned the judgment appealed from is annulled and set aside and the case is remanded to the lower court for further proceedings therein consistent with the views herein expressed.
 

 O’NIELL, C. J., takes no part.