JANVIER, Judge.
The only issue presented here arises from the contention of some of the heirs of the decedent that the fee of the attorney, who initiated the proceedings and' who ultimately effected the partition by licitation, should not be paid out of the mass of the estate of the decedent.
In the judgment homologating the account and ordering the distribution of the fund resulting from the sale of the property, the fee of the attorney was fixed at $300, and it was ordered paid out of the mass and from this judgment certain of the heirs have appealed.
The attorney whose fee is involved was the late John C. Hollingsworth, who died while this suit was pending. His surviving widow in community and his only child have been made parties-appellee.
Arthur F. Guichard, who had been married twice, died intestate on November 21, 1938, and until the proceedings hereinafter mentioned were had, no effort was made by anyone looking toward the opening of his succession. From the first marriage there were three children. In 1898, Guichard contracted a second marriage with Theresa Zigg, and seven children were born to them, six of whom are legitimate issue of the marriage, the eldest child having been born before the marriage took place. Guichard, at his death, left a small parcel of real estate in New Orleans known as Lot 10 of Square 447, Second District. The record discloses that he acquired title to the property after the death of his first wife and before contracting the second marriage with Theresa Zigg.
In May, 1948, through Mr. Hollings-worth, their attorney, two of the children of- the first marriage, and the child of the predeceased third child of that marriage, filed a petition setting forth the death of Guichard and alleging themselves to' be the sole and only heirs at law of the decedent by his first marriage. , The petitioners then alleged that they had information to the effect that Guichard had contracted a second marriage with Theresa Zigg, and that certain children were “registered as born from such recorded marriage.” They further alleged that they did not have sufficient information to know whether there was an impediment to Guichard’s second marriage and therefore did not recognize the validity of the second marriage and required full proof thereof. They then averred that the real estate left by Guichard is not susceptible of division in kind and is owned in common by petitioners, and that they are not willing to remain as owners in indivisión with' each other, or alternatively with Theresa Zigg Guichard and her children, if she should be recognized as the surviving spouse of Guichard or if the children be recognized as the heirs of the decedent. The petition further alleged that an inventory of the property should be made and Theresa Zigg Guichard cited to make answer and prove her rights, if any, in the real estate left by Guichard, and the rights, if any, which her children have. Then there is the following prayer:
“Wherefore petitioners pray that the succession of decedent be de- *45 dared open, and that copy of this petition be duly served upon Theresa Zigg Guichard at 3214 St. Peters Street, commanding her ■ to make answer thereto as provided by law, so that ■proceedings may he carried on to final judgment without her or with her if claim is made by her, or others in the succession of decedent and real estate herein set forth.”
Theresa Zigg appeared and interposed an exception of nonjoinder of parties-■defendant, which was maintained by the court “with leave to amend.” Thereupon the three petitioners styling themselves ■“plaintiffs” filed a motion suggesting that the exception had been improperly maintained, and that the matter should be reopened and reargued. After this motion was filed, the judge below ordered that Theresa Zigg be subpoenaed to appear in open court on October 22, 1948, for cross-examination “under the act” as to whether she had been lawfully married to Gui-chard. It is not made to appear whether Theresa Zigg presented herself in court for examination, but we notice upon the face of the order the notation “Continued Indef. 29 Oct 48.” ■ ■
On December 23, 1948, the three original petitioners, again styling themselves as plaintiffs, filed a supplemental petition in which they alleged that they had been informed that as a result of Theresa Zigg having lived with Arthur F. Guichard “before and after a marriage ceremony was performed between them,” she had seven children, whose names are set forth. It is then recited that the plaintiffs are without knowledge whether the children are legitimate, but that if they claim any right to an interest in the property left by Guichard, they should make their claim and prove their heirship contradictorily with plaintiffs. The prayer is that both the original and the amended petitions be served upon Theresa Zigg’s seven children and that they assert their claims by formal pleading, and that after the taking of the inventory, the heirs of decedent be determined, and that, since petitioners are unwilling to hold the real estate in common with one another or with anyone else, the property be declared not susceptible to division in kind, and that it be partitioned by licitation. The petitioners further prayed that the court decree them to be the sole heirs of the decedent, and that as such they be sent into possession each of an undivided one-third of the property.
Theresa Zigg and her children then answered alleging the legality of the marriage between Theresa Zigg and Guichard. They averred that the property left by Guichard belonged to the community of acquets and gains which existed between Guichard and Theresa Zigg; the respondents claimed that Theresa Zigg should be recognized as the surviving widow in community, and that as such she should be heid entitled to an undivided one-half of the property, and that her seven children should recognized as heirs at law of Guichard, and, as such, be decreed to have among them a collective ownership of seven-twentieths of the property.
The matter was, ultimately tried on its merits, and, after hearing the evidence, the lower court decreed Lot 10 of Square 447 to be an asset of the community which formerly existed between Guichard and Theresa Zigg. The plaintiffs and Theresa Zigg’s seven children were recognized as the heirs of ■ their deceased father, and each was decreed to be entitled to an undivided one-tenth of an undivided one-half of the property. The judgment further dispensed with an inventory, ordered that the property be sold at public auction for cash to effect a partition, and referred all parties to Mark W. Malloy, Notary Public, for the purpose of completing the partition.
The property was sold in due course, and a dispute arose then as to the distribution of the proceeds of the sale.
The notary public to whom the parties had been referred, by rule against all of the parties to the proceedings, called upon them to show cause why the tableau of distribution should not be approved and homologated. The only item in dispute was the item of Mr. Hollingsworth’s fee which, in the tableau of distribution, was fixed at $350.
*46 The matter was tried and resulted in a judgment making the rule absolute and ordering the notary to distribute the funds in accordance with his tableau; however, the amount of the attorney’s fee was reduced to $300. Theresa Zigg and her seven children have appealed from the judgment homologating and approving the tableau of distribution.
In support of the judgment making the rule absolute the judge assigned written reasons, which in part read:
“Instead of Theresa Zigg Guichard coming forth, in the interest of equity and justice, and making a full disclosure, as she was ultimately compelled to do, she filed an exception of nonjoinder of parties defendant, and did not, in any way, aid the court by disclosing, in said exception, who the other parties in interest were, if any.
* # + * * *
“Under the circumstances the court * * * is of the opinion that Mr. Hollingsworth is entitled to be paid for the services rendered by him, ' which enabled the heirs to be recognized and properly sent into possession.
“He was compelled to perform extra and unusual services because of the refusal of certain parties in interest to aid him. Had they come forward and made a full disclosure in the beginning of these proceedings, this cause would not have been pending from May 4, 1948, until judgment was rendered on July 6, 1951. * * *”
It is contended that this is nothing more than a partition proceeding and that consequently since it was contested, the fee of the attorney who represented those owners who demanded the partition cannot be charged against the mass, that is to say, against the proceeds of the sale of the property which was sold to effect the partition by licitation.
Under Act 69 of 1918, LSA-R.S. 13:4524, where there is to be a judicial partition and there is no contest “by the defendant, co-heirs or other co-owners * * the fee of the attorney bringing the suit “shall be assessed as costs of the suit * * * and ordered paid out of the mass of the funds, or property * .-¡c * » However, it is well settled that this is permissible only where there is no contest and' that, where any of the co-owners appear and contest the partition, the fee of the attorney for the plaintiff who brought the suit must be paid by him and may not be charged against the mass. Duffourc v. Duffourc, 154 La. 174, 97 So. 391; Talbert v. Talbert, 199 La. 882, 7 So.2d 173.
Based on these decisions, it is contended that since here there was a contest, the fee of Mr. Hollingsworth, who initiated the proceedings, cannot be taxed as costs and, as such, charged against the mass.
We think that this contention does not take into account the fact that this litigation involved more than the simple partition of a single piece of property among persons who had been judicially or amicably recognized as co-owners.
It is true that the ultimate object of the plaintiffs was to partition a single piece of real estate, but it was not known who were the heirs of the person in whose name the real estate stood, and it was obviously necessary that it be judicially determined who were the heirs and that they be sent into possession before the partition could be effected. Thus the initial proceeding was in fact the judicial opening of the succession.
Where property is involved in a succession proceeding there may be no partition of a part until the heirs have been sent into possession. Montz v. Montz, La.App., 2 So.2d 251; Fabacher v. Fabacher, 214 La. 940, 39 So.2d 426.
While it is true that in this instance the property which was sought to be partitioned seems to have been the only property left by the decedent, nevertheless it was still a part of the succession, and the record shows the usual proceedings which are resorted to when a succession is judicially opened. Actually before the estate could be partitioned, even though *47 it consisted of a single piece of real estate, it was necessary that it be determined who were the heirs in order that the proceedings looking to the partition could be conducted contradictorily with them. Furthermore, an inventory of the property of the succession was prayed for, though it was later found that this was not necessary. Thus the services of Mr. Hollings-worth, though they had for their object the ultimate partitioning of the property, actually had the effect of opening the succession, having the proper heirs recognized, and having those heirs sent into possession. Thus the services rendered were for the benefit of the entire estate and payment therefor should properly be made by the entire estate.
We recognize, of course, that ordinarily where there is a contested partition the fee of the attorney who brings the suit must be paid by those whom he represents, but under the particular facts
which are shown here, we think that this is primarily a succession proceeding and that the payment of the fee is not governed by the rule above referred to, which is applicable in contested partitions.
The fee fixed, $300, seems to be justified by the extent of the services rendered and the value of the property which was involved.
As we have said, pending this appeal, Mr. Hollingsworth died, and his widow, Mrs. Maude Snyder Hollingsworth, and his daughter, Mrs. Shirley H. Keith, have been substituted as parties appel-lee.
Accordingly, the judgment homologating the account filed is amended so as to substitute Mrs. Maude Snyder Hollingsworth and Mrs. Shirley Hollingsworth Keith in place of John C. Hollingsworth, and, as thus amended, it is affirmed at the cost of appellants.
Amended and affirmed.