REID, Judge.
This suit is the aftermath of a previous suit filed by the same plaintiffs against the same defendants wherein the plaintiffs sought and obtained a judgment setting aside and annuling two acts of sale by their father W. J. Crain to W. Edmond Crain and J. Berkley Crain. See Crain et al. v. Crain, reported in 175 So.2d 665. In this first suit this Court found that the two sales by the late William J. Crain and his wife, Julia Warner Crain, to J. Berkley Crain and W. Edmond Crain were donations in disguise and simulated sales.
Subsequently the same plaintiffs brought this suit against the same defendants seeking a partition by licitation of three tracts of land, first for 125 acres and second for 35 acres and the third for 27 acres, all situated in Section 37, T 1 S R 12 E., St. Helena Meridian, Parish of Washington, Louisiana.
The petition set forth the names of all the heirs and their respective interests. All the surviving brothers and sisters had an undivided l/12ths interest each and three of them who had died had their interest divided among their respective heirs of each of the deceased children.
The petition alleges that the. above said three parcels of land constituted all the property belonging to the Successions of W. J. Crain and Julia Warner Crain and further alleged that there was no inheritance tax due.
They further allege that they were unwilling to remain coowners in indivisión any longer and desired a partition by lici-tation. To this petition the defendants W. Edmond Crain and J. Berkley Crain filed exception of lack of procedural capacity on the grounds that there was no allegation that the Succession of W. J. Crain and Julia Warner Crain had been opened, or any allegation that the plaintiffs and defendants had been recognized as the sole and forced heirs of W. J. Crain and Julia Warner Crain, nor had they been sent in possession as such forced heirs. The Trial Court overruled the exception of lack of procedural capacity and the defendants W. Edmond Crain and J. Berkley Crain filed an answer denying all the allegations of plaintiffs’ petition except the allegation that there was no inheritance tax due and further answering in that respect averred that the descriptive list attached did not reflect the actual value of the property described, nor did it show the indebtedness for the estates involved and said the descriptive list should be stricken from the record.
Then, assuming the position of plaintiffs in reconvention, the said two defendants set forth claims for money and time expended in caring for their father and improving the land and sought reimbursement of the said sum of money — W. Edmond Crain seeking the sum of $3639.00 and J. Berkley Crain seeking the sum of $700.00.
They asked for judgment in the alternative for the respective sums and with legal interest from demand until paid, to be paid out of the proceeds of the sale.
Subsequently defendants W. Edmond Crain and J. Berkley Crain filed an amended answer and reconventional demand, W. Edmond Crain seeking the sum of $6111.10 and J. Berkley Crain seeking the sum of $1880.60.
Plaintiffs filed an answer to the recon-ventional demand and an amended recon-ventional demand denying the allegations.
The Tutor-ad-Hoc appointed to represent the absent defendants DeWitt Crain and Jessie D. Crain filed an answer denying all the allegations of plaintiffs’ petition for *523 lack of sufficient information to justify belief. Subsequently the plaintiffs filed a supplemental and amending answer to the reconventional demand and amended re-conventional demands of the plaintiffs in reconvention, denying the allegations and in the alternative pleading prescription to these particular claims.
The matter was duly tried on the merits and the Trial Judge rendered judgment in favor of the plaintiffs and against the defendants ordering a partition by licitation and decreeing the property free from inheritance tax but taxing the fee of the plaintiffs’ inheritance tax collector in the amount of $20.00 and costs and recognizing the plaintiffs and defendants as the sole and only h'eirs 'in the proportions set out in the petition of the decedents W. J. Crain and Julia Warner Crain and as such the owners in indivisión of the property, and ordering the same sold by licitation to affect a partition.
From this judgment the defendants J. Berkley Crain and W. Edmond Crain have appealed suspensively to this Court.
Pending this appeal Harvey Crain, a plaintiff, died on January 29, 1967 and on motion his heirs Lillie Rae Crain Seal and Katherine Julia Crain Galloway were substituted herein in his place.
The defendants and appellants set forth three errors by the Trial Court: First, that the exception of the defendants should have been maintained; second, that exception of plaintiffs (defendants in reconvention) should not háve been maintained and third, that the defendants and plaintiffs in reconvention proved by a preponderance of the evidence their right to be reimbursed for improvements made by them upon the succession property and for the services in connection therewith.
There is no question but what plaintiffs are entitled to demand and get a partition of property held in common with their coowners.
“No one can be compelled to hold property with another, unless the contrary has been agreed upon; any one has a right to demand the division of a thing held in common, by the action of partition.” Article 1289 Civil Code of Louisiana.
“The action of partition will not only lie between heirs and co-legatees, but between all persons who hold property in common, from whatever cause they may hold in common.” Article 1308 Civil Code of Louisiana.
With regard to the exception of lack of procedural capacity based on the fact that the Succession of the deceased had not been opened and the heirs recognized and sent into possession and on the further proposition that the property described in the petition was not all the property of the deceased and you cannot have a partial partition by licitation the Trial Judge in his written reasons relied upon the case of Dobrowolski v. Dobrowolski, 215 La. 1078, 42 So.2d 760 (1949).
This case of Dobrowolski v. Dobrowolski, supra, holds as follows:
“We are of the opinion that the plaintiffs, co-owners in indivisión with the defendants of the property here sought to be partitioned and unwilling to continue such ownership in indivisión, have an absolute right to have this property partitioned, Raceland Bank & Trust Co. v. Toups, 173 La. 742, 138 So. 652; Mitcham v. Micham, 186 La. 641, 173 So. 132, and Fabacher v. Fabacher, 214 La. 940, 39 So.2d 426 * * * ”
The defendants offered no evidence to substantiate their claim that there was other property belonging to the Succession in which all the heirs had an interest. This Court found in the first suit, Crain v. Crain, supra, that the property described within said suit was “all the property owned by the deceased, W. J. Crain and Julia Warner Crain.” In fact, this was one of the reasons the two respective sales to *524 the two defendants were set aside, because under LSA-C.C. Art. 1497 a donor cannot by donation inter vivos divest himself of all his property.
The case of Montz v. Montz, La.App., 2 So.2d 251, holds as follows:
“We shall consider, first, the legal question raised by defendants: That, since they have not been sent into possession, no one of the heirs may demand a partition of any one portion of the inherited property without partitioning the entire estate.
In Maguire v. Fluker et al., 112 La. 76, 36 So. 231, in syllabi written by the court appears the following:
“ ‘Heirs have the legal right to insist upon the partition in entirety of the property inherited by them. They cannot be forced to a partition of specific properties in successive actions.
“ ‘In such suit all properties, wherever situated, must be brought in for partition.’ ”
“In Caraway v. Hebert, La.App., 182 So. 164, 166, the Court of Appeal for the First Circuit, citing as authority the case of Maguire v. Fluker, said: ‘Where the succession has not been closed, and a partition of the succession property is sought by one or more of the heirs, all of the succession property must be brought into the partition proceedings, as the succession property, however separate in nature and different in location, is considered as a unit, and the court having jurisdiction of the succession has jurisdiction of the partition proceeding.’ ”
We will now take up the second error assigned by defendant appellants to the effect that the plea or exception of prescription filed by the plaintiffs (defendants in reconvention) should not have been sustained. The plea of prescription filed by the plaintiffs in the reconventional demand is the one set out in LSA-C.C. Art. 3538, which reads as follows:
“That on the accounts of merchants, whether selling for wholesale or retail.

“That on all other accounts.
“This prescription only ceases from the time there has been an account acknowledged in writing, a note or bond given, or an action commenced. (As amended by Acts 1888, No. 78)”
On the other hand the defendants appellants contend that the prescription set out by LSA-C.C. Art. 1359 which reads as follows:
“The deductions which are to be made before the partition of a succession, consist:
1. Of the sums due to one or more of the heirs for a debt due them by the deceased, or advance (advances) made to the succession, or expenses on its effects, according to the account settled among the heirs;
2. Of the amount owing to the heirs to whom a collation is due, when the collation is made by taking less, in order that the heirs may receive a portion equal to the amount of the collation which is due;
3. Of the privileged debts due or paid on account of the succession, which have been incurred since the death of the deceased, or in order to effect the partition.”
The facts show that W. J. Crain died intestate on October 12, 1962 in Washington Parish and his wife Mrs. Julia Warner Crain also died intestate in. Washington Parish in 1957. The expenditures for which reimbursement is claimed by Edmond and Berkley Crain extended over a period from 1953, the date of the original reported sale to them until 1960. The re-conventional demand was not filed until March 7, 1966.
In the instant case there was no mutual agreement nor claim for taxes paid, or was *525 the alleged expenditures made for the common good. The facts show that the two defendants, W. Edmond Crain and J. Berk-ley Crain took possession of the two pieces of property involved in the earlier suit and lived on them and made no attempt to account to the coowners for the rents and revenues therefrom. They went into possession of this property believing that they had a valid title to the same and did not take possession as a coowner and expend certain monies for the preservation of the property, or its upkeep and have definitely not accounted to the coowners or attempted to account for the rents and revenues therefrom.
We believe the action of the Trial Judge in sustaining the plea of prescription to these claims was erroneous, and these actions are governed by the prescription of ten years set out in LSA-C.C. Article 3544 which reads as follows:
“In general, all personal actions, except those before enumerated, are prescribed by ten years.”
In the Succession of Catalinotto, La.App., 144 So.2d 678, holds that a claim of a child to recover for services rendered to deceased parents is a personal action subject to prescription of ten years. Therefore, that portion of the defendants and plaintiffs in reconvention demand for personal services rendered to the decedent W. J. Crain would not be prescribed for ten years.
This brings us to the merits of these respective claims. With regard to the claims for services rendered to the deceased parent we believe that these claims would be governed by the parol evidence rule as set out in LSA-R.S. 13:3721 which reads as follows:
“Parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted indebtedness or liability shall have been brought more than twelve months after the death of the deceased.”
This brings us to the claims for some improvements made on the property and enhancement of value. We held in the previous suit that the defendants were not holders and possessors in good faith. Our Courts have held that a possessor in bad faith cannot recover for improvements inseparable from the soil or the value of any enhancement thereby. In such a case the principle of unjust enhancement does not apply.
The case of Voiers v. Atkins Brothers, 113 La. 303, 36 So. 974 is in point and holds as follows:
“3. The possessor in bad faith is entitled to recover from the owner of the soil only for those improvements of which the owner may order the removal. He cannot recover for ditching, clearing land, and other improvements inseparable from the soil. It makes no difference how much the value of the land has been enhanced thereby. In such a case the principle by which one man is not permitted to enrich himself at the expense of another has no application.”
See also Juneau v. Laborde, 224 La. 672, 70 So.2d 451.
In the first suit based on fraud the Court set aside the two sales on the ground that they were donations in disguise, simulated sales and therefore fraudulent and defendant cannot show good faith in view of that decision.
For the foregoing reasons the action of the Trial Judge in sustaining the plea of prescription based on Article LSA-C.C. 3538 is reversed and the plea of prescription is overruled. However, this does not affect the judgment on the merits for the reasons hereinabove set out which is hereby affirmed at costs of the appellant.
Affirmed.