### No. 13,828.

107  139
s109 1077

JAMES WILSON, INDIVIDUALLY AND AS ADMINISTRATOR vs. GEORGE WILSON ET ALS.

#### SYLLABUS.

1. An administrator, making the heirs parties, has capacity to institute and prosecute a suit for a partition of property owned in indivision by the succession he represents and third persons.

2. The heirs of a predeceased husband and father, who died without debts, are *third persons quoad* the succession of the lately deceased widow and mother which is under administration to pay debts contracted by her individually after the death of the husband.

3. A succession under administration, and unaccepted as yet by the heirs of the deceased, is held and considered a separate entity distinct from *their heirship*, which, until the succession is settled, or their acceptance avowed, is contingent and remote, in the sense that there devolves upon them *as heirs only* the remainder left after payment of the debts.

A PPEAL from the Civil District Court, Parish of Orleans—*Sommerville, J.*

*James B. Rosser, Jr.,* for Plaintiff, Appellant.

*Joseph Brewer* for Geo. W. Wilson, and Miss Ida Ober, Defendants, Appellees.

*Henry Renshaw,* Tutor *ad hoc* for Miss Florence Wilson, Defendant, Appellee.

*Pierre Adolph Simmons, Jr.,* Curator *ad hoc* for Thomas Thornwell and Bennett Wilson, Defendants, Appellees.

The opinion of the court was delivered by

BLANCHARD, J. Samuel Wilson died in 1866, possessed of a considerable estate. He left a surviving widow in community and six heirs—the issue of his marriage with Eliza Jane Caldwell (widow aforesaid).

His succession was opened and his will probated. This will named his wife and his eldest son executors. It made the same disposition of his property the law would have made.

There were no debts. Whatever administration there had been of his succession was closed by judgment of the court in July 1873. This judgment recognized his children (all of age) as his heirs and legatees and, as such, entitled to the naked ownership of all property left by him. The judgment also recognized Eliza Jane Caldwell as widow in community and as legatee of the usufruct of the property left by the husband.

Thus, the widow and the heirs owned the property in indivision—the widow in the proportion of one-half; the heirs in the proportion of one-half. But the widow, as usufructuary, enjoyed the benefit of the half pertaining to the heirs.

Matters appear to have continued thus until March, 1900, when Eliza Jane Caldwell, the widow, died. Her death ended her usufructuary rights on the half of the property belonging to the heirs.

At the time she died, her estate consisted of her undivided half of the property which had pertained to her as widow in community at the time of her husband's death, and she owed several thousand dollars of debts incurred since the death of her husband, one of which was a note for $4,500 secured by mortgage.

She left no will. Her heirs are her children, the issue of her marriage with Samuel Wilson, deceased.

Her succession was opened and James Wilson, her son, was appointed administrator. The inventory and appraisement showed her half of the property to be of the value of about $23,000.

A provisional account was filed by the administrator showing the debts due by the dead widow, and others incurred in the opening and administration of her succession. The two together exhibited, on the account, a total indebtedness of about $7,700.

Several of the heirs straightway filed oppositions and the same are as yet undisposed of.

Following the filing of his provisional account, James Wilson instituted the present action. He sues in two capacities—as administrator and as heir. .

He avers the debts of the succession which he represents to be as above stated; that he is without funds to pay; that it is necessary to sell property to obtain money for the purpose; that the only property belonging to the succession is that held in indivision between it and the heirs; and that to sell the succession's *undivided* interest in the property would be disastrous to all concerned.

His prayer is for judgment decreeing the partition by licitation of all the property held in common as aforesaid. He gives a detailed description of this property and makes all the heirs parties defendant.

Several of the heirs appear and file consent to judgment as prayed for. Others oppose the proceeding *in toto*.

One of the pleas in defense filed is an exception (1) that the administrator is without right in law to provoke the partition of the property as sought; (2) that the property, the partition of which is asked, being still under administration in the succession of Eliza Jane Caldwell (widow Wilson) and the succession not having yet been liquidated, the property cannot be the object of partition.

This exception was sustained and the suit dismissed. James Wilson, both as administrator and individually, appeals.

So far as James Wilson, in his individual capacity, is concerned, we may eliminate him from the appeal.

It may be that the second branch of the exception is good against the demand he makes *as heir* for the partition of property still under administration in a succession whose debts are not yet paid.

But the whole of the exception, in so far as it is leveled at the administrator's right in law to provoke the partition, is without merit and the ruling of the trial Judge sustaining it was error.

An administrator, making the heirs parties, has capacity to institute and prosecute a suit for a partition of property owned in indivision by the succession he represents and third persons.    Here, all the heirs are made parties.

The textual provision of the statutory law, itself, seems to settle this.

Article 1135 of the Civil Code says:

If the deceased was in community or partnership with any one who has survived him, the curator of the vacant succession or of absent heirs is bound, immediately after his appointment, to sue for a partition, in order that the part which belonged to the deceased in the community or partnership property be ascertained.

Applying this povision of law to a state of facts similar to that here presented, this Court held, in the Succession of Dumestre, 42 La Ann. 411, that

Where the surviving member of a community subsequently dies, leaving *individual* debts unpaid, necessitating an administration, it becomes the duty of the administrator of his succession to institute suit for partition of the property held in indivision by it and third persons; and the heirs of the predeceased partner, dying without debts, are third persons in that sense.

See also Smith vs. Sinnott, 44 La. Ann. 51.

The fact that the heirs of the predeceased partner of the community, Samuel Wilson, are likewise the heirs of his lately deceased widow, Eliza Jane Caldwell, does not make them, *quoad* her succession, any the less strangers to its administration undertaken for the purpose of the settlement of debts she owed, and for which they have not made themselves liable by an acceptance, pure and simple, of her succession. 42 La. Ann. 413.

In other words, her succession under administration, and unaccepted as yet by her heirs, is to be held and considered a separate entity distinct from *their heirship,* which, until the succession is settled, or their acceptance avowed, is contingent and remote, in the sense that there devolves upon them *as heirs* only the remainder left after payment of the debts.

The Succession of Eliza Jane Caldwell, under administration, being owner of an undivided half of the property and the heirs of Samuel Wilson, deceased, the owners of the other undivided half, and it being necessary to reduce to the possession and dominion of the administrator the half belonging to the succession, in order that the same may be administered and applied to the settlement of the debts of the said Eliza Jane Caldwell, the administrator had a standing in court to provoke a partition of the property.    It is only by this means that he

can reduce to possession and bring under his administration the share of the property pertaining to the succession.

Having undertaken the administration of an estate burdened with debt

said the court in the Succession of Dumestre, 43 La. Ann. 413,

it was the *first* duty of the administrator to separate the interests of the joint owners, so that he might reduce to possession the portion belonging to the succession under his control.

It may be that the value of the property sought to be sold to affect partition, in order that the share of the succession may be applied to the payment of its debts, is greatly in excess of the indetedness; it may be that *all* the property held in indivision should not be ordered sold in the partition proceedings; it may be that the administrator can get along with only a partial partition—that is to say, with the partion of part only of the property held in indivision; it may be that good reasons exist why only enough of the property held in indivision, as is necessary to enable the administrator, applying the share of the succession, to pay the debts of the succession, should be partitioned; and it may be, as set up by the defense, that part of the property scheduled for partition may not belong to the succession.

But all these matters and things pertain to *the merits.* It is for the District Judge to pass upon them there, and to award such judgment as may meet the exigencies of the case and be proper and legal under the showing to be made.

But it is not for him to dismiss the suit entirely because of them. They do not strike at the foundation of the right to sue as this administrator has sued. They have, indeed, no relevancy or bearing on the question raised by the exception, which the judge sustained.

It may be, too, that the proceedings to effect the partition of the property should have been taken in the Succession of Eliza Jane (Caldwell) Wilson, and not by separate suit. If so, the trial Judge should have ordered the suit for partition cumulated with the Succession record and proceedings, instead of dismissing it altogether.

It is ordered, adjudged and decreed that the judgment appealed from be avoided and reversed, that the exceptions filed be overruled, and that this cause be proceeded with in the court *a qua* according to the views herein expressed and the law, costs of appeal, and those of the lower court pertaining to the exceptions, be borne by the appellees.

Rehearing refused.