(34 South. 94.)

No. 14,592.

WILSON v. WILSON et al.

(March 30, 1903.)

SUCCESSION—PARTITION—SALE—PAYMENT OF DEBTS.

1. The interests of all parties concerned require that the entire property held in indivision by the succession of the mother and the heirs of the predeceased father—the same not being susceptible of division in kind—should be sold in order to effect a partition, and thereby enable the administrator of the succession to realize the funds necessary to enable him to pay its debts.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter B. Sommerville, Judge.

Action by James Wilson, individually and as administrator, against George W. Wilson and others. Judgment for defendants, and plaintiff appeals. Affirmed.

James B. Rosser, Jr., for appellant. Henry Renshaw, for appellee Florence Wilson. Pierre A. Simmons, Jr., curator ad hoc, for appellee T. T. B. Wilson. Joseph Brewer, for appellees Ida Ober and George W. Wilson.

### Statement of the Case.

MONROE, J. In 1866 Samuel Wilson died, leaving a widow in community, and, as heirs, major and minor children, issue of his marriage; and these (the widow and heirs) were put in possession of the estate acquired by the community which had existed between the decedent and his wife—the heirs, subject to the usufruct of their mother. That estate owed no debts, and consisted mainly of immovable property, and it has since then been held in indivision.

In 1900 the widow, Eliza Jane Wilson, died, owing several thousands of dollars; and James Wilson, one of the heirs mentioned, having been appointed administrator of her succession, brings this suit in that capacity against the heirs of Samuel Wilson, for the purpose of effecting a partition of the property thus held, and thereby making available for the payment of its debts that belonging to the succession of which he is the administrator. He alleged originally that he appeared both individually and as administrator, and he seemed to make such appearance not only for the purpose of consenting, as the heir of Samuel Wilson, to the partition sued for by him as the administrator of the succession of Eliza Jane Wilson, but also for the purpose of praying, as the heir of Eliza Jane Wilson, for a partition, as between himself and his coheirs, of the property of her succession.

Some of the parties made defendant ex-

cepted that he was without right to bring the suit, either as administrator or individually, and the exception was maintained by the district court. Upon appeal to this court, however, it was held that the action was properly brought by the administrator for the purpose stated, and that the plaintiff, in his individual capacity, might be considered as eliminated. In the course of the opinion leading to this conclusion, it was said:

"It may be that the value of the property sought to be sold to effect partition, in order that the share of the succession may be applied to the payment of its debts, is greatly in excess of the indebtedness; it may be that all the property held in indivision should not be ordered sold in the partition proceeding; it may be that the administrator can get along with only a partial partition (that is to say, with a partition of part, only, of the property held in indivision); * * * and it may be, as set up by the defense, that part of the property scheduled for partition may not belong to the succession. But these matters and things pertain to the merits. It is for the district judge to pass upon them there, and to award such judgment as may meet the exigencies of the case, and be proper and legal under the showing made. But it is not for him to dismiss the suit entirely because of them. They do not strike at the foundation of the right to sue, as this administrator has sued."

The case was accordingly remanded to be tried upon its merits. Wilson v. Wilson, 107 La. 139, 31 South. 643. The parties before the court, other than the plaintiff in his capacity of administrator, are the children and grandchildren of Samuel Wilson, viz., James Wilson (the plaintiff) and George W. Wilson, surviving sons; Ida Ober, sole heir of Mary Wilson Ober, deceased daughter; Laura Young (Wilson) Russ, Stella Caldwell, Edwin Shield, Andrew Brown Johnson, major heirs, and Eliza Jane, Robert Alexander, and Percy Ray, Wilson, minor heirs, of Robert Wilson, deceased son; and Thomas Thornwell Bennett and Florence Sheffield Wilson, major and minor heirs, respectively, of Thomas Wilson, deceased son. Of these, Thomas Thornwell Bennett Wilson is an absentee, represented by a curator, and Florence Sheffield Wilson is a minor, represented by a tutor ad hoc; the minor children of Robert

Wilson being represented by their natural tutrix. The major heirs of Robert Wilson and the minor heirs, through their natural tutrix, consent to the partition as prayed for. George Wilson and Miss Ober made no opposition, other than that the administrator has no right to demand the partition and sale of more property than may be necessary for the payment of the debts of the succession of Eliza Jane Wilson, and that a certain piece of property, described in the petition, is in litigation; and the other defendants admit their filiation, and call for strict proof.

Upon the trial the administrator offered to prove that the decedent, Eliza Jane Wilson, had acquired the interest of Thomas Wilson, deceased, in the succession of his father, and the evidence was excluded on the ground that it was not admissible under the allegations of his petition; and to this ruling George W. Wilson and Miss Ober, as well as the administrator, excepted. The property said to be in litigation was eliminated by consent, and has since been held to belong to F. A. Ober. Wilson v. Ober, 109 La. —, 33 South. 744. According to the evidence in the record, the succession of Eliza Jane Wilson owes something like $6,000, whilst the property held in indivision with the heirs of Samuel Wilson is appraised at $37,850, and is not susceptible of division in kind. The judge a quo rendered judgment "ordering a partition, by licitation, of the property mentioned in the prayer of plaintiff's petition, to the extent of about $12,000 worth; offering the property for sale in the order in which it is mentioned in said petition. That said sale be made at public auction. * * * That said property be sold on terms, one-third cash, and the credit portion, if any, on terms of one or one and two years, * * * and, for the shares and interest of the minors, on such terms and conditions as family meetings to be hereafter convoked in their behalf shall fix and determine."

And the plaintiff has appealed.

### Opinion.

The plaintiff, as an heir of Eliza Jane Wilson, had no standing to ask for the partition of the property, for the reasons (1) that the succession is still under administration, notwithstanding that it appears that the heirs have made a partial, extrajudicial partition

of the movable property; and (2) that it is being administered in another division of the court than that in which the instant suit was filed. He was therefore properly eliminated as a plaintiff suing individually, and he finally elected to stay in court as plaintiff only in his official capacity. It is not, however, to be understood that he has been eliminated in so far as he is a necessary party defendant in the capacity of an heir of Samuel Wilson.

The petition alleges "that the only property belonging to the estate of the deceased [Eliza Jane Wilson] is her interest in the community property," etc.; and, because of this allegation, the evidence going to show that Mrs. Wilson had acquired the interest of her son Thomas Wilson in the estate of his father was excluded upon an objection made on behalf of the children of Thomas Wilson. It is evident, however, that the coheirs and codefendants of those children are not concluded by the allegations in the plaintiff's petition, and their rights were properly reserved.

Considering the main question (i. e., whether all of the property held in indivision by the succession of Eliza Jane Wilson and the heirs of Samuel Wilson should be sold in the present proceeding), it seems to us that it should be answered in the affirmative.

If the entire property, when sold upon the terms stated in the judgment, should realize the amount at which it is appraised by the experts, the cash coming to the succession will be but little more than is absolutely required for the payment of its debts, whilst, if but $12,000 worth of property is sold, the amount of cash coming to the succession will be but one-third of the amount so required. Upon the other hand, the defendants as well as the plaintiffs seem to concur in the view that the terms mentioned are the most advantageous for all parties concerned; and, as the plaintiff and others of the owners have expressed their unwillingness to hold the property in common, it is clear that, if the sale is not made at this time, it will have to be made later, and as the result of a separate proceeding, thereby imposing an additional burden of expense.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended so as to include and order to be sold all the property described in the petition, save that involved in the litigation with F. A. Ober, and so as to reserve to the coheirs and codefendants of the children of Thomas Wilson the right to show the alienation of his interest in the succession of his father, and the acquisition of the same by his mother.

It is further ordered, adjudged, and decreed that, as so amended, said judgment be affirmed; the costs to be paid by the mass.