**16 So.2d 541**

**ROBIN v. LOB et al.**

**No. 36983.**

Jan. 3, 1944.

F. Rivers Richardson, of New Orleans, for appellant.

Marian Mayer, of New Orleans, for appellee.

O'NIELL, Chief Justice.

This is a suit to partition four pieces of real estate. The plaintiff asks for a sale of the property to effect a partition by licitation. The succession of Mrs. Jennie Gerber Lob, deceased, owns two of the pieces of property and has an undivided interest in the two other pieces of property sought to be partitioned. The plaintiff is suing in her own name and as tutrix of her minor daughter, whose father is dead, and who is a granddaughter of the deceased, Mrs. Jennie Gerber Lob. The plaintiff avers that her child inherited an interest

in the property by representation of the child's father, who was a son of Mrs. Jennie Gerber Lob. The plaintiff claims also, as we understand, that the child inherited an interest in a part of the property from her father, who had inherited from his father. The plaintiff claims for herself an interest in the property by purchase from one of the heirs. The question of the interest of the plaintiff or of her minor child in the property which she seeks to partition, and the way in which they claim title, are not in contest on this appeal. The plaintiff, as tutrix of her minor daughter, was authorized by an ex parte order of court to institute this suit.

The defendants are heirs of the deceased, Mrs. Jennie Gerber Lob, whose succession is under administration by an administrator. The succession owes debts which must be paid before the administration can be terminated, unless the heirs consent to accept the succession unconditionally by assuming payment of the debts and taking possession of the property. They are not willing to accept the succession unconditionally and cannot be compelled to do so; for it is declared in article 977 of the Civil Code that no one can be compelled to accept a succession, whether it has come to him by testament or by operation of law, because he has the option to accept or to renounce it. And in the same article it is declared that it is not necessary for minor heirs to formally accept a succession, because the acceptance shall be considered made for them with benefit of inventory, by operation of law, and that this acceptance shall in all respects have the force and effect of a formal ac-

ceptance. The defendants in this suit, therefore, being unwilling to accept the succession unconditionally, filed an exception of no cause or right of action and a plea of prematurity, contending that the plaintiff could not take the property away from the administrator by provoking a partition, and thus virtually compel the defendants to accept the succession unconditionally. The judge of the civil district court maintained the exceptions and dismissed the suit. The plaintiff is appealing from the judgment. She cites and relies upon article 1289 of the Civil Code, declaring that no one can be compelled to hold property in joint ownership with another unless there is an agreement that it shall be so held, and declaring that any joint owner of property has a right to demand a division of it by an action of partition. That provision in the Code, however, is subject to the modification that where property belongs to a succession that owes debts, and where the property is therefore under administration by an administrator, an heir of the succession has no right of action against his co-heir or co-heirs to provoke a partition of the property and thus take it away from the administrator before the debts of the succession are paid. Kremer v. Kremer, 121 La. 484, 46 So. 600; Montz v. Montz, by the Court of Appeal for the Parish of Orleans, 2 So.2d 251. The following pronouncement in Kremer v. Kremer, 121 La. page 500, 46 So. page 606, is very apropos:

"When there are no debts due by a succession which has been placed under administration by reason of affairs being in the situation referred to in article

1047 of the Civil Code, the lawmaker evidently contemplated that a partition of the succession pending the administration could be made; for the administrator is directed [in such a case by that article of the Code] to hold and manage the property until the partition be made. Where, however, there are debts, we think the lawmaker contemplated that the succession should be entirely settled by the administrator and the property only turned over afterwards to the heirs for partition."

The appellant in this case argues that the rule stated in Kremer v. Kremer should not be applied to a case where the succession owns only an undivided interest in the property which an heir seeks to partition. But we see no reason why the rule is not applicable as well to such a case as to a case where the succession owns the property outright. The undivided interest of the succession in two of the four pieces of property which the plaintiff here seeks to partition is as much under administration by the administrator as the two pieces of property which the succession owns outright. And the defendants in this case, as heirs of the succession, cannot be compelled to accept unconditionally the undivided interest of the succession in the two pieces of property, any more than they can be compelled to accept unconditionally the two pieces of property which the succession owns outright. It is averred in the appellant's brief that, if a public sale is made of the property to effect a partition, the interest of the succession of Mrs. Jennie Gerber Lob in the proceeds of the sale should be turned over to the adminis-

trator. But that does not justify the demand of the plaintiff for a sale of the succession's interest in the property to effect a partition.

The judgment is affirmed.