I.B. Rennyson, garnishee under ancillary proceedings taken by plaintiff in the above numbered and entitled cause, has appealed from a judgment decreeing that part of a certain fund in his possession is the property of the judgment debtors herein and ordering him to turn over the money to plaintiff.
The facts which gave rise to the controversy are not disputed and we find them to be as follows: The judgment debtors, Luciano Battaglia, Mrs. Josephine Badolato, wife of Anthony Mauro, individually and as curatrix of the interdict, Vincent Badolato, Mrs. Marguerite Badolato, wife of Marcel Mangin and Anthony Badolato, are the children and grandchildren of Mrs. Pietra Cavalara, widow by first marriage of Luciano Badolato and wife by second marriage of Vincenzo Battaglia. Two children were born of the marriage between Mrs. Cavalara and her first husband, Luciano Badolato, — viz., Vincent (now deceased) and Anthony Badolato. After the death of her first husband, Mrs. Cavalara married Vincenzo Battaglia and one child, Luciano Battaglia, was the issue of said marriage. During the existence of the second marriage, certain property, situated in the City of New Orleans bearing municipal numbers 522 and 527 Dumaine Street, was acquired under the community of acquets and gains. Mrs. Cavalara died on January 30, 1931 but her succession was not opened until June 24, 1936. Her husband, Vincenzo Battaglia, died five years later, on August 13, 1935. His succession was opened on August 17, 1935 by Mrs. Julia Barlotta, wife of Leoluca Accomando, who had been designated as testamentary executrix under his last will and testament dated October 14, 1933. After Mrs. Accomando had qualified as executrix of the succession, she took possession of an undivided one-half interest in the real estate, hereinabove mentioned, which was recognized in the proceedings to be the community property of the testator and his predeceased wife, Mrs. Pietra Cavalara. On June 24, 1936, the succession of Mrs. Cavalara was opened by her heirs (the defendants in this suit) and they were recognized as such by judgment of court and sent into possession of their respective interests in the estate amounting in aggregate to an undivided one-half of the real property on Dumaine Street. *Page 317 
Subsequently, plaintiff, a practicing attorney of the New Orleans Bar, brought this suit against the defendants to recover an attorney's fee in amount of $731.86 for services rendered to them in the succession of Mrs. Pietra Cavalara Battaglia. After due proceedings, judgment by default was rendered in plaintiff's favor for the sum claimed. About nine years later, or on October 30, 1945, plaintiff, having caused a writ of fieri facias to be issued by the court, filed a supplemental petition in which he alleged that he had good reason to believe that I.B. Rennyson was indebted to the defendants and secured an order for interrogatories to be issued to said Rennyson, as garnishee. In due course, Mr. Rennyson answered the interrogatories in the negative. Plaintiff thereupon instituted a rule to traverse the answer and, on the trial of this rule, Rennyson admitted that he had collected rentals from the properties on Dumaine Street amounting to an aggregate of $1950.12, but claimed that he was holding the funds as agent for Mrs. Accomando, executrix of the succession of Vincenzo Battaglia.
The Judge of the District Court, being of the opinion that one-half of the rentals in the possession of the garnishee belonged to the judgment debtors, made the rule absolute and ordered him to turn over to plaintiff, as judgment creditor, the sum of $975.06. Mr. Rennyson has appealed suspensively and devolutively from the adverse decision.
[1] Preliminarily, we note that plaintiff contends that the appeal should be dismissed for the reason that Mr. Rennyson, as garnishee, is fully protected by the order of the court below and that, since he does not claim a lien or privilege on the fund in his possession, he is without interest in championing the rights or remedies of the executrix of Vincenzo Battaglia's succession. We find no merit in this contention for the reason that, while Mr. Rennyson does not claim a monetary interest in the fund, he maintains that the entire sum is the property of his principal, the executrix of Vincenzo Battaglia's succession. Hence, if this contention is correct, his refusal to comply with the order below is justified and, since he is the party cast in the judgment, the law grants him a right of appeal.
Mr. Rennyson stated, in his testimony, that he had been employed by the executrix of the Succession of Vincenzo Battaglia to collect all rents on the Dumaine Street properties and hold those rents until he had sufficient funds in his possession to redeem the real estate from the State and the City of New Orleans, as both parcels had been adjudicated for nonpayment of taxes for the years 1935 and 1936.
In view of the foregoing testimony, which is not disputed, Rennyson contends that the lower court was in error in ordering him to turn over to plaintiff one-half of the fund for the following reasons — (1) that he was improperly garnisheed as he was acting solely as agent for the executrix of the Succession of Vincenzo Battaglia, (2) that, if it should be held that he was properly garnisheed, his answers to the interrogatories denying indebtedness to the judgment debtors were correct because all of the funds belonged to the executrix of the Succession of Battaglia and (3) that whatever right the judgment debtors might have in the funds is a contingent one since the entire rentals derived from the properties were subjected to the payment of the debts of the Succession of Battaglia.
[2] We think that all of these contentions can be readily answered by a proper appraisal of the legal situation which resulted from the deaths of Mrs. Pietra Cavalara and her husband, Vincenzo Battaglia. When Mrs. Cavalara died in 1931, the judgment debtors inherited, by operation of law, her one-half interest in and to the properties located on Dumaine Street. This was fully recognized by the executrix of Vincenzo Battaglia — for, when she opened his succession in 1935, she asserted in those proceedings that Battaglia was owner of a one-half interest in the real property. Therefore, the seizin which she was given by the will of Battaglia only extended to a one-half interest in the real estate. Later, in 1936, when the judgment debtors opened the succession of their mother, Mrs. Pietra Cavalara, which they accepted unconditionally, they were placed *Page 318 
in possession of the other undivided one-half interest in the real estate. It therefore follows that, when Mr. Rennyson was employed by the executrix of Battaglia's succession to collect the rents from the properties, his authority was limited to the collection of one-half of the rents, as the heirs of Mrs. Cavalara, who had been placed in possession of her interest, were entitled to receive the other half. Consequently, when Mr. Rennyson collected all of the rents, he became indebted to the judgment debtors for their one-half share and the garnishment proceeding against him was legal and proper in all respects.
[3] But counsel for Mr. Rennyson maintain that, since the real property belonged to the community which had existed between Vincenzo Battaglia and his wife, the fruits derived therefrom were liable for payment of the community debts; that, at the time the judgment debtors were sent into possession (July 6, 1936), the property owed taxes to the city and state for the years 1933, 1934, 1935 and 1936 and that, therefore, all of the rentals collected by Mr. Rennyson were burdened with the tax charges of the city and state.
This contention is without substance for the reason, among others, that the tax debt to the city and state was not a community debt. Those taxes were for the years 1933, 1934, 1935 and 1936 and became due subsequent to the termination of the community, as it had been previously dissolved in 1931 by the death of Mrs. Battaglia.
[4, 5] Counsel further claim that the fact that Vincenzo Battaglia's succession was under administration operates as a bar to the seizure by plaintiff of the rentals belonging to the judgment debtors which are in the hands of Mr. Rennyson. They direct our attention to the well-settled jurisprudence that a garnishing creditor acquires no greater right against the garnishee than his judgment debtor would have had if he had sought recovery directly and, from this premise, argue that the judgment debtors herein would have had no right to recover one-half of the rents from Mr. Renyson for the reason that the Succession of Vincenzo Battaglia, the owner of the other half of the real estate, is under administration. The case of Robin v. Lob, 204 La. 983, 16 So.2d 541, is strongly relied upon as complete authority for the proposition.
In Robin v. Lob, the plaintiff instituted suit to partition four pieces of real estate. The suit was brought against the Succession of Mrs. Jnnie Gerber Lob, which owned two pieces of the property and had an undivided interest in the other two parcels. The Supreme Court denied relief to plaintiff on the ground that, since the Succession of Lob was under administration, a partition of the property would have the effect of compelling the heirs of the succession to either accept or reject their interests therein and thereby deprive them of their option to do so after the debts were paid. While this decision might be pointed to as authority for the proposition that the judgment debtors herein, as owners of an undivided one-half interest in the real estate, could not force a partition of the property during the administration of the Succession of Vincenzo Battaglia, we cannot see that it operates as a bar to the right of the judgment debtors to receive their share of the rents. As above stated, the conclusion reached in Robin v. Lob is founded on the theory that the sale of property owned in indivision with a succession under administration would require the heirs or legatees to make a decision respecting their acceptance or rejection of the succession prior to the time given them by law for the exercise of such option. But the opinion does not go so far as to hold or even suggest that a co-owner, in possession of an undivided interest, is not entitled to receive his share of the fruits produced by the property merely because the other co-owner happens to be a succession which is being administered. Hence, since the judgment debtors herein were entitled to recover from Rennyson one-half of the rents in his possession, the district judge was correct in maintaining the garnishment proceeding.
[6] Plaintiff has answered the appeal, praying for damages under Article 907 of the Code of Practice on the ground that the appeal is frivolous. It suffices to say that we regard the questions raised by the *Page 319 
garnishee as serious and, therefore, the claim for damages is disallowed.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.