FOURNET, Justice.
 

 This suit was instituted for the purpose of having partitioned by licitation certain property acquired by Albert Fabacher, Sr., during his marriage to Louise Napp, a half interest in which is now owned by Fabacher’s succession in indivisión with his children who own the other half interest, share and share alike, as the heirs of his predeceased wife. The. five children who instituted these proceedings joined as parties defendant the two children who are opposing the partition. The succession of the decedent through the testamentary executors joined the plaintiffs in prosecuting the riiatter.
 

 In resisting the demands of the plaintiffs ■the defendants first filed exceptions of no cause and no right of action, of prematurity, and of vagueness. When these exceptions were overruled, they answered. In this court they are contending that the •plaintiffs are attempting to force a partition and sale of some of the property of the succession of their father before the heirs have been sent into possession and without having an accounting by the executors; it further appearing there are certain assets of the succession omitted from the original inventory that have not as yet been brought under the administration of the executors, all contrary to the holdings in the cases of Montz v. Montz, La.App., 2 So.2d 251, and Robin v. Lob, 204 La. 983, 16 So.2d 541.
 

 Following the death of Mrs. Fabacher, by judgment of the Civil District Court for the Parish of Orleans in her succession proceedings dated January 14, 1937, her seven children — Dr. Ralph W. Fabacher, Miss Cecile Fabacher, Mrs. Louise Fabacher Caire, Mrs. Stella Fabacher Bosworth, Mrs. Eunice Fabacher Villegas, Mrs. Irma Fabacher Fourcade, and Albert Fabacher, Jr. (the first five are the plaintiffs and the latter two are the defendants, in this case) — were recognized as her heirs and as such were sent into possession of' her half interest in the community, subject to the usufruct of the surviving husband, who died testate on October 20, 1946, naming as his joint executors Ralph and Cecile Fabacher. This will sets out that the decedent
 
 advanced
 
 $1,000 to
 
 one
 
 of the-children, and calls upon her to collate;, calls attention to two mortgage notes given him by two of his daughters, which represent assets of his estate that are to be-repaid by them, with the provision, however, that the amounts represented by these notes be remitted in the event the share of these children in the decedent’s estate or in the estate of their mother that has. not been already distributed to them is not sufficient to discharge them; and gives to one of the children, as an extra portion, certain property and furniture. After the testamentary executors, Ralph and Cecile,
 
 *945
 
 had caused the property of the decedent to be inventoried the inventory showed that the real estate forming a part of the community amounted to $83,750, Fabacher’s half interest therein being $41,875; and that the cash, notes, and furniture owned by Fa'bacher at his death amounted to •$20,656.73. After several attempts had been made to sell various parcels of the real estate at private sale for the purpose of paying the debts and for the further purpose of collation under the terms of the will, only to be met by the opposition •of the defendants, the plaintiffs instituted these proceedings for partition.
 

 It is the jurisprudence of this state, as was very ably pointed out by the Court of Appeal for the Parish of Orleans in the case of Montz v. Montz, cited supra, which decision was approved by this court in the case of Robin v. Lob, supra, that under the law of this state as found in Chapter 12 of Title 1 of Book III of the Revised Civil Code dealing with the partition of successions, [2 So.2d 253] “so long as the heirs are not sent into possession [of succession property], they remain co-heirs, with the result that, unless all consent, there can be no partition unless it be of the 'entire estate.”
 

 This rule does not obtain, however, when the heirs have been -recognized .as such and sent into possession of the property of the decedent. In such a case the succession ceases to exist at the time .the judgment placing the heirs in possession is executed and from that time thenceforth the property becomes the common property of the heirs as co-owners, Freret v. Heirs of Freret, 31 La.Ann. 506; Medicis v. Medicis, 155 La. 171, 99 So. 27; Mitcham v. Mitcham, 186 La. 641, 173 So. 132, and a suit for a partition in such a case does not involve a division of succession property but is an ordinary suit for a partition between co-owners’. Mitch-am v. Mitcham, supra; Prichard v. McCranie, 160 La. 605, 107 So. 461.
 

 “ * * * the right of a co-owner to partition property which he holds in common with another is absolute * * * it is not within the province of the court to say when property shall be partitioned * * * ” and “When co-owners cannot agree upon a partition of the property which they own in common, a judicial partition becomes necessary, and if one of them demands it by suit, it then becomes the duty of the judge before whom the case is tried to determine the method of making it.” Raceland Bank & Trust Co. v. Toups, 173 La. 742, 138 So. 652, 653. See, also, Mitcham v. Mitcham, supra.
 

 Clearly, therefore, when these seven children of the Fabachers (the plaintiffs and defendants) were sent into possession of the half interest in the community property as the heirs of their deceased mother, they became co-owners of this property in indivisión with their father, subject to his usufruct, and, upon his death, they became and are now co-owners
 
 *947
 
 in full ownership of the property with his succession and as such they occupy- a position of strangers thereto for the purpose of settling the debts of the succession and of discharging the several legacies provided for in the will. Succession of Dumestre, 42 La.Ann. 411, 7 So. 624; Wilson v. Wilson, 107 La. 139, 31 So. 643, 644. Certainly it cannot be said that if the father, at the time these heirs were sent into possession of the half interest o'f their mother in the community property, had voluntarily relinquished his right to the usufruct of this property that he could not at that time have sued for a partition of the property held in common with his children as co-owners. Nor can it be said that had the father remarried that these children could not have forced their father to partition this property so that they might enjoy their interest therein. They were co-owners of the entire property in the truest sense of the word. This being true, that portion of the Lob case holding to the contrary, unsupported by any authority, must be overruled.
 

 In the Wilson case one of the questions raised was whether the administrator of Mrs. Wilson’s succession (she having survived her partner in community and a judgment having been previously rendered recognizing the children to be the heirs of their father and placing them in possession 'of his half of the community subject to their mother’s usufruct), which succession was still in progress, could force a' partition ■ of the whole of the property before her succession, representing a half thereof, was settled and her heirs had been duly placed -in possession. The court quoted Article 1135 of the Revised Civil Code which provides that “If the deceased was in community or partnership with any one who has survived him, the curator of the vacant succession or of absent heirs is bound, immediately after his appointment, to sue for a partition, in order that the part which belonged to the deceased in the community or partnership property, be ascertained”, and made the following pertinent observation:
 

 “Applying this provision of law to a state of facts similar to that here presented, this court held, in Succession of Dumestre, 42 La.Ann. 411, 7 So. 624, that ‘where the surviving member of a community subsequently dies, leaving individual debts unpaid, necessitating an administration, it becomes the duty of the administrator of his succession to institute suit for partition of the property held in indivisión by it and third persons; and the heirs of the predeceased partner, dying without debts, are third persons in that sense.’ See also Smith v. Sinnott, 44 La. Ann. 51, 10 So. 413.
 

 “The fact that the heirs of the predeceased partner of the community, Samuel Wilson, are likewise the heirs of his lately deceased widow, Eliza Jane Caldwell, does, not make them, quoad her succession, any the less strangers to its administration
 
 *949
 
 undertaken for the purpose of the settlement of debts she owed, and for which they have not made themselves liable by an acceptance, pure and simple, of her succession. 42 La.Ann. [411], 413, 7 So. 624.
 

 “In other words her succession under administration, and unaccepted as yet by her heirs, is to be held and considered a separate entity distinct from their heir-ship, which, until the succession is settled, or their acceptance avowed, is contingent and remote, in the sense that there devolves upon them as heirs only the remainder left after payment of the debts.”
 

 We think the logic in the foregoing is particularly applicable here, for it is to be observed that under the terms of decedent’s will not only are certain collations to be made by some of the heirs, but there is the further condition that if there is not sufficient money or property coming to these heirs from the decedent’s estate “or out of their share of the estate of my deceased wife which has not already been distributed to them at the time of my death and upon which I have had the usufruct, then I desire as a special bequest to bequeath to each of them sufficient funds to completely extinguish their obligation to my estate, it being my desire that their inheritance from my estate and the distribution after my death of such assets of my wife’s estate shall be sufficient to wipe out these mortgage indebtednesses of my daughters.”
 

 Of necessity, in order to carry out this portion of the will it is imperative that it be determined whether from their share of the succession of their father they are going to have placed in their possession, plus the amount that is to be distributed to them out of their mother’s estate held by their father in usufruct at the time of his death to make this payment, there will be sufficient for these heirs to wipe out the indebtedness due their father’s estate before it can be determined whether these debts are to be remitted and if so what portions thereof are to be remitted, and also whether and to what extent a collation must take place before the succession can be closed, and inasmuch as the heirs are unable to amicably agree among themselves on the matter of collation and of partitioning the property, we can think of no better remedy than that the property be partitioned, as is here being sought.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 O’NIELL, C. J., and HAWTHORNE,
 
 ].,
 
 do not take part.