MARVIN, Judge.
After this partition action had been submitted for a decision, the trial court noticed that plaintiff had failed to join indispensable parties, dismissed the action, and later denied plaintiff’s application for a new trial, which, if granted, allegedly would have allowed plaintiff to remove or cure the defect. Plaintiff appeals. We reverse and remand. CCP 641, 646, 927, 931, 934, 1973.
Unless the contrary has been agreed, each of the co-owners of a thing has the absolute right to demand its division by the action of partition. CC Art. 1289; Fabacher v. Fabacher, 214 La. 940, 39 So.2d 426 (1949).
Nonjoinder of an indispensable party is one of the peremptory exceptions. When the grounds of this objection may be cured or removed by an amendment of the petition, CCP 934 mandates that the court shall order such an amendment within a delay to be fixed by the court before dismissing the action. Plaintiff alleged in his application for a new trial that he had inadvertently overlooked introducing into evidence, with other deeds and judgments of possession, a certified copy of a deed to a party defendant from the indispensable parties and that this deed would “cure” (remove) the defect of nonjoinder.
If the nonjoinder had been raised by a defendant after trial, but prior to submission, the plaintiff would have been allowed to introduce evidence to cure the nonjoin-der. CCP 931. When the nonjoinder is pleaded or noticed, the trial court may permit an amendment of the petition and may reopen a submitted case if further evidence is necessary. CCP 646. Compare the mandatory language of CCP 934. The official comments to CCP 646 state:
“(b) Although Louisiana cases may be found where the courts dismissed the action because of a failure to join a necessary or indispensable party, whenever the right to amend has been requested of the courts, they have granted it to permit plaintiff to effect joinder. Even when the defect has been noticed by the appellate courts, they have remanded the cases to permit the necessary joinder. See cases cited in McMahon 415, n. 74.
“(c) The right to reopen a submitted case to permit the reception of further evidence accords with the liberality of procedure applied in recent years. Cf. Succession of Robinson, 186 La. 389, 172 So. 429 (1937).”
See also Succn. of Gibson, 186 La. 723, 173 So. 185 (1937), and cases annotated under LSA-CCP Art. 646.
This nonjoinder may be cured by an amendment to the petition joining the indispensable parties as defendants. CCP 934 directs that such an amendment shall be permitted. This nonjoinder may also be cured by introduction of the alleged deed into evidence. Under these circumstances, *285 and our construction of the cited authorities, we find that the trial court clearly abused its discretion in dismissing the action without allowing plaintiff a delay in which to attempt to cure or remove the defect of the nonjoinder. If the certified copy of the alleged deed does not remove the defect, an amendment to the petition will. CCP 934, 646 and comments.
The j'udgment appealed is reversed and this case is remanded with directions that a new trial be granted and that further proceedings be held consistent with these views. Because it was appellant’s oversight that produced this appeal, appellant is cast with cost of this appeal.
REVERSED AND REMANDED.