JiSCHOTT, Chief Judge.
The State of Louisiana filed suit against Charles Walker, appellee, to compel him to support his alleged child, Ray. Appellee re *706 sponded with a motion for blood tests on himself and the child in order to refute paternity. The trial court granted the motion and the State has appealed. The issue is whether the juvenile court has jurisdiction to order the blood tests under the particular facts of this case where the appellee is the husband of the child’s mother and has never brought an action to disavow the child. We affirm.
According to the memorandum filed by appellee in the juvenile court in support of his motion he married the child’s mother, Sylvia, in 1973 and they separated in 1977. They never had sexual relations after this time, but they were never divorced. In 1979 .Ray Walker was born. Sylvia never asked appellee for support for the child. She died in 1994 and her sister was awarded custody of the child. The sister is receiving public assistance from the State Department of Social Services.
On June 15,1994, the State filed a petition in the juvenile court in accordance with R.S. 46:236.1(F) to obtain an order of support against appellee. The State alleged that such an order was appropriate since the payee (the sister with custody) was receiving services from the Department. 'The State alleged that its action against appellee was “a separate and distinct cause of faction in favor of the Department and need not be ancillary to or dependent on any other legal action.” The State also alleged that this matter was being handled pursuant to Title IV-D which is a welfare program of the federal government.
The State asserts that appellee’s only remedy to avoid supporting the child was to file suit for disavowal of paternity and that the district court, not the juvenile court, has jurisdiction over a disavowal action. It argues that appellee’s motion for the blood tests was tantamount to a disavowal action and was beyond the subject matter jurisdiction of the juvenile court. It argues that appellee’s failure to bring a timely action to disavow in the district COURT makes the presumption of his paternity under LSA-C.C. art. 184 unrebuttable.
The State fails to consider that Title 45 § 303.5 of the Code of Federal Regulations concerning the administration of Title IV-D cases provides that paternity in such eases must be established or excluded as a result of genetic tests. This section also authorizes any party in a contested IV-D paternity case to petition the court to require all parties to submit to genetic testing and it defines a contested paternity case as “any legal action in which the issue of paternity may be raised under State law and one party denied paternity.”
The motion filed by appellee and granted by the court was specifically authorized by the IV-D regulations. These proceedings were filed by the State pursuant to the same regulations. This is not an action to disavow paternity. The judgment of the trial court was sought and granted for the sole purpose of complying with federal regulations which the State is attempting to enforce. It has no application to any of the rights and obligations conferred on the parties by C.C. arts. 184 et seq.
Accordingly, the judgment appealed from is affirmed.

AFFIRMED.