700 So.2d 496 (1997)
The STATE of Louisiana
v.
Charles WALKER
No. 97-CJ-0330.
Supreme Court of Louisiana.
October 21, 1997.
*497 Harry F. Connick, District Attorney, Elizabeth P. Duffy, New Orleans, for Applicant.
Kim Ann Dugas, New Orleans, for Respondent.
TRAYLOR, Justice.
We granted writs in order to determine whether Title 45 § 303.5 of the Code of Federal Regulations requires blood testing in order to establish the paternity of a party who, under Louisiana law, is the presumed father and may not disavow his paternity. We hold that § 303.5, by its clear language, requires that a state establish paternity under that state's laws and that blood testing is compulsory only when paternity has not been so established. We further hold that since paternity has been irrebuttably established under Louisiana law, blood testing is not warranted.

FACTS AND PROCEDURAL HISTORY
Charles Edward and Sylvia Walker were married on May 19, 1973. The Walkers began living apart sometime in 1977 and allegedly never had sexual relations after their separation. They were never divorced. Sylvia Walker gave birth to Charles Ray Walker on March 22, 1979. Charles Ray Walker's birth certificate lists Charles Edward Walker as the father of the child.
Sylvia died on January 29, 1994, never having asked for nor having received child support from Charles Walker. Sylvia's sister, Louise Jackson, gained custody of the child after Sylvia's death. Louise requested assistance in obtaining child support from the Orleans Parish District Attorney's Office. The State of Louisiana, through the District Attorney's Office filed petitions in the Orleans Parish Juvenile Court on June 15, 1994 in order to obtain child support, income assignment, and health insurance pursuant to La. R.S. 46:236.1(F) and under Title IV-D of the Social Security Act.
At a hearing on February 13, 1995, Charles Walker denied paternity and requested blood testing on himself and the child. The juvenile court granted the motion for blood testing, finding that Federal administrative law mandates such testing. The State appealed, claiming that Charles Walker was estopped from contesting paternity because the child is a legitimate child born of a marriage and that paternity was therefore established. The Court of Appeal affirmed the juvenile court, holding that the federal administrative law concerning the administration of Title IV-D cases, Title 45 § 303.5 of the Code of Federal Regulations, provides that paternity must be established or excluded by use of genetic testing. State v. Walker, 96-1238 (La.App. 4th Cir. 12/27/96); 685 So.2d 705. This Court granted review on the State's application.

LAW AND DISCUSSION
Louisiana participates in a cooperative federal-state welfare program governed by Title IV of the Social Security Act. Social Security Act, Title IV-A, 42 U.S.C. §§ 601-622. In order to qualify for federal welfare funds, the state must operate its child support enforcement program according to the requirements set out in Title IV-D of the Act. 45 C.F.R. § 304.10.
C.F.R. 303.5 sets procedures for the establishment of paternity in cases referred to IV-D agencies. § 303.5(a) provides that IV-D agencies must attempt to establish paternity by legal process established under State law in all cases referred to the agency in which paternity has not been established. The clear and unambiguous wording of *498 § 303.5(a) indicates that the regulation only applies when paternity has not yet been established under state law. § 305.5(d) states that a IV-D agency must petition the court to order genetic testing in cases in which the issue of paternity may be raised under state law. This language makes it apparent that genetic testing is mandatory only in contested paternity cases when paternity cannot be established under state law. When paternity has not yet been determined, then, state law controls the establishment of paternity in suits brought by Title IV-D agencies just as it does in support suits brought by private parties. As a result, our inquiry begins with the question of whether Charles Walker's paternity has been established under the laws of the State of Louisiana. If so, the requirements of § 303.5 have been met.
La. Civ.Code art. 184 states that the husband of the mother is presumed to be the father of all children born or conceived during the marriage. Article 189 provides that a suit for disavowal of paternity must be filed within 180 days after the husband learned or should have learned of the birth of the child unless the husband was prevented from filing by circumstances beyond his control. Charles and Sylvia Walker were never legally separated or divorced. Walker, due to his being Sylvia's husband at the time she gave birth, is the presumed father of the child. Since Walker did not bring suit for disavowal of paternity within 180 days of the birth of the child, and he makes no claim of inability to bring suit, disavowal is now barred by prescription and the presumption of paternity is irrebuttable.
La. R.S. 9:396 authorizes blood testing to determine paternity under certain circumstances. The statute reads:
Notwithstanding any other provision of law to the contrary, in any civil action in which paternity is a relevant fact, or in an action en desaveu, the court, upon its own initiative or upon request made by or on behalf of an person whose blood or tissue is involved, may or, upon motion of any party to the action made at a time so as not to delay the proceedings unduly, shall order the mother, child, and alleged father to submit to the collection of blood or tissue samples, or both, and shall direct that inherited characteristics in the samples, including but not limited to blood and tissue type, be determined by appropriate testing procedures. La.R.S. 9:396 A.
Although it appears that § 9:396 conflicts with Article 184, it is possible to harmonize these provisions. La. Civ.Code art. 13 provides that "[l]aws on the same subject matter must be interpreted in reference to each other." When statutes seem to conflict, this article makes it this court's "duty to harmonize and reconcile the acts if possible." State v. St. Julian, 221 La. 1018, 61 So.2d 464 (1952). § 9:396 only authorizes blood testing in civil actions in which paternity is a relevant fact. Because Walker is irrebuttably presumed to be the father of the child and may not disavow his paternity, paternity is not a relevant fact in this action.[1] As a result, § 9:396 does not empower the Juvenile Court to order genetic testing of Walker and the child.

DECREE
For the reasons expressed above, the decisions of the Fourth Circuit Court of Appeal and the Orleans Parish Juvenile Court are hereby reversed and set aside. The matter is remanded to the Juvenile Court for further proceedings.
REVERSED.
VICTORY, J., not on panel, Rule IV, Part 2, § 3.
NOTES
[1] The presumption of paternity contained in La. Civ.Code art. 184 has been the law in Louisiana for almost two centuries. CN 1804, Art. 312, par. 1. Although genetic testing now makes paternity determinations virtually certain, given the presumption's long history and laudable purposes, the legislature must manifest explicit intent to overrule the article, which, of course, the legislature may certainly do if it so chooses.