747 So.2d 1245 (1999)
STATE of Louisiana, DEPARTMENT OF SOCIAL SERVICES, OFFICE OF FAMILY SUPPORT in the Interest of Ashley R. MUNSON, Minor Child of Marva G. Munson, Plaintiff-Appellant,
v.
Michael WASHINGTON, Defendant-Appellee.
No. 32,550-CA.
Court of Appeal of Louisiana, Second Circuit.
December 8, 1999.
*1246 Michael J. Tate, Lafayette, Counsel for Plaintiff-Appellant.
Piper and Associates by Cynthia R. King, Shreveport, Counsel for Defendant-Appellee.
Before NORRIS, C.J., GASKINS and DREW, JJ.
NORRIS, Chief Judge.
State of Louisiana, Department of Social Services Office of Family Support (DOSS), appeals the trial court's judgment dismissing its petition under La. R.S. 46:236.1, to determine and/or declare paternity and to establish child support against the alleged biological father, Michael Washington (Washington). For the reasons set forth herein, we reverse and remand for further proceedings

Facts
On August 28, 1984, Marva Gafford married Tyrone Munson; on February 28, 1987, Mrs. Munson gave birth to Ashley R. Munson (Ashley). In September 1987, the couple separated and Mr. Munson subsequently filed for divorce; in a reconventional demand seeking custody and reserving the right to seek child support, Ms. Munson alleged that Ashley was born "of the marriage." The judgment of divorce, rendered in September 1989, awarded Ms. Munson custody of Ashley; the record does not show if she has ever pursued Mr. Munson for child support.
*1247 On July 15, 1997, DOSS filed a petition to determine and/or declare paternity and to establish child support against alleged biological father Michael Washington. The petition alleges that Mrs. Munson had a sexual relationship with Washington from 1985 until 1986, and that this relationship resulted in the conception and birth of Ashley. Washington denied the allegations in the petition and in response to requests for admissions, denied having sexual intercourse with Mrs. Munson and that Ashley was his child. DOSS filed a rule to show cause for blood testing. At a probable cause hearing, Washington voluntarily agreed to submit to testing. The test result, entitled Paternity Evaluation Report, was filed in the record pursuant to La. R.S. 9:397.3. The testing did not exclude Washington as Ashley's father and revealed a 99.94% probability of paternity.
The matter was set for trial on May 21, 1998, during which Washington objected to the introduction of the paternity test results. In support he cited State v. Walker, 97-0330 (La.10/21/97), 700 So.2d 496, and argued that evidence of actual paternity is inadmissible when a legal presumption of paternity exists. The District Court sustained the objection and, without written reasons, dismissed the suit. DOSS appeals.

Discussion
DOSS advances two assignments of error. In the first, it construes the judgment as a finding that the presumed father is an indispensable party to the proceedings; even if this finding is valid, DOSS urges, the proper remedy is to dismiss the suit without prejudice and give DOSS leave of court to amend its petition. In its second assignment DOSS urges the court committed legal error by dismissing a direct action that is specifically authorized by La. R.S. 46:236.1 F.
In support of the judgment, Washington reiterates that Mr. Munson, as the husband of the mother, is legally presumed to be the father under La. C.C. art. 184, and argues that a paternity suit is only proper in cases where paternity has not been established.
A special statute, La. R.S. 46:236.1 F(1), empowers the State, under certain circumstances, to file a suit to establish filiation and fix child support. The statute authorizes the State to:
take direct civil action, including actions to establish filiation against an alleged biological father notwithstanding the existence of a legal presumption that another person is the parent of the child solely for the purpose of fulfilling its responsibly under this Section ... A separate and distinct cause of action in favor of the department is hereby created, and suits brought under this provision need not be ancillary to or dependent upon any other legal proceeding. (Emphasis added)
This statute directly and positively allows the State to establish dual paternity despite the presumption of La. C.C. art. 184 that the husband of the mother of a child born during the marriage is the child's father. The concept of "dual paternity" allows a child to seek support from his biological father notwithstanding that he was conceived or born during the mother's marriage to another man, and therefore presumed to be the legitimate child of the marriage. Warren v. Richard, 296 So.2d 813 (La.1974); State v. Williams, 605 So.2d 7 (La.App. 2 Cir. 1992), and citations therein. Because the law recognizes dual paternity, a legitimate father's status is not affected by an action to establish biological paternity; legitimate children cannot be "bastardized" by subsequent proof of actual parentage. Smith v. Cole, 553 So.2d 847 (La.1989); State v. Williams, supra. Notably, the presumption of paternity in La. C.C. art. 184 is not intended to allow biological fathers to avoid their support obligation. Smith v. Cole, supra at 854.
Washington urges that under State v. Walker, supra, once a man is irrebuttably presumed to be the child's father, blood tests are irrelevant to prove paternity. *1248 The defendant in Walker, notably, was the presumed father under art. 184; he owed support whether or not someone else was later proved to be the biological father. Walker's remedy was obviously an action in disavowal, and not a motion for blood tests for himself and the child in an R.S. 46:236.1 action. The instant case is clearly distinguished: even assuming that Mr. Munson is irrebuttably presumed to be Ashley's father, this fact does not obviate or alter in any way the support obligation owed by the biological father.[1]
In sum, DOSS has the authority to bring the instant action to determine filiation and fix child support. The District Court erred in ruling otherwise. Additionally, the blood tests are relevant and admissible in this type of action. La.9:396. In light of this conclusion, we pretermit any further consideration of DOSS's first assignment of error.[2]

Conclusion
For the reasons expressed, the District Court erred in dismissing the State's action to establish filiation. The judgment is reversed and the case remanded for further proceedings. Costs are assessed to the appellant, Michael Washington.
REVERSED AND REMANDED.
NOTES
[1] Munson is alleged to be living at Wade Correctional Center.
[2] The record does not establish that the trial court dismissed the action on grounds that Mr. Munson was an "indispensable" or "necessary" party. At any rate, this distinction has been suppressed in favor of a standard of just adjudication. See La. C.C.P. art. 641, as amended by La. Acts 1995, No. 662, § 1, effective August 15, 1995. Additionally, if the trial court, after a contradictory hearing, determines that Munson is a party needed for just adjudication, the State should be given the opportunity to amend its petition. La. C.C.P. arts. 641, 934; State v. Guichard, 94 1795 (La.App. 1st Cir.5/5/95), 655 So.2d 1371, writ denied 95-1405 (La.9/15/95), 660 So.2d 454; Massey v. Ford, 408 So.2d 283 (La.App. 2d Cir.1981).